UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON D. GILBERT, Individually and On Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, ALAN ROSLING, HARSH SHAH, and PAWAN KUMAR AGRAWAL,<br><br>   Defendants. | Case No.: 1:22-cv-07432-GHW<br><br>Hon. Gregory H. Woods |

**MEMORANDUM OF LAW IN SUPPORT OF SERAP LOKMAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

I. FACTUAL BACKGROUND ................................................................................................ 2

II. PROCEDURAL HISTORY ................................................................................................. 3

III. ARGUMENT ....................................................................................................................... 3

   A.   Appointing Movant as Lead Plaintiff Is Appropriate ..................................................... 3

      1. Movant Filed a Timely Motion. ................................................................................ 4

      2. Movant Has the Largest Financial Interest in the Relief Sought. ............................. 5

      3. Movant Satisfies the Relevant Requirements of Rule 23. ......................................... 5

         a.   Movant's Claims Are Typical. ............................................................................ 6

         b.   Movant Is An Adequate Representative. ............................................................ 7

   B.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ..................................... 7

IV. CONCLUSION .................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.*,
　324 F. Supp. 3d 335 (E.D.N.Y. 2018) .............................................................................. 4, 5

*In re Cendant Corp.*,
　264 F.3d 201 (3d Cir. 2001) .................................................................................................. 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
　269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................................... 7

*In re Coinbase Global Securities Litigation*,
　No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ............................................. 8

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
　Case No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301 (D. Nev. Jan. 5, 2021) ...................... 8

*Deinnocentis v. Dropbox, Inc.*,
　Case No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ............................ 9

*Ford v. VOXX Int'l Corp.*,
　No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) .............. 6

*In re Gentiva Sec. Litig.*,
　281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................... 6

*In re Hebron Tech. Co. Sec. Litig.*,
　C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 4

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
　No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 6

*Malriat v. Quantumscape Corp.*,
　Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 WL
　1550454 (N.D. Cal. April 20, 2021) ..................................................................................... 8

*Snyder v. Baozun Inc.*,
　Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 WL 5439763 (S.D.N.Y. Sept. 8,
　2020) .................................................................................................................................... 9

*Subramanian v. Watford, et. al.*,
　Civil Action No. 20-cv-02652-CMA-STV, 2021 WL 1697147 (D. Colo. April 29, 2021) ..... 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
　No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011) .................. 6

*White Pine Invs. v. CVR Ref.*,
  Case No. 20 Civ. 2863 (AT), 2021 WL 38155 (S.D.N.Y. Jan. 5, 2021) .................................. 8

*White v. Nano-X Imaging LTD, et al.*,
  Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 WL 3973838
  (E.D.N.Y. Aug. 10, 2022) ............................................................................................... 8

**Statutes**

15 U.S.C. § 78u-4 ........................................................................................................ *passim*

**Rules**

FED. R. CIV. P. 23 ........................................................................................................ *passim*

Serap Lokman ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to appoint her as lead plaintiff and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Azure Power Global Limited ("Azure" or the "Company") securities between June 15, 2021 and August 26, 2022, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Azure, Ranjit Gupta ("Gupta"), Alan Rosling ("Rosling"), Harsh Shah ("Shah"), and Pawan Kumar Agrawal ("Agrawal"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that she is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience

in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Azure sells renewable power in India on long-term fixed price contracts. ¶ 2. The Company operates approximately 45 utility scale projects. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants failed to disclose to investors that: (1) there were procedural irregularities, including deviations from safety and quality standards, at one of Azure's plants; (2) certain project data was manipulated; (3) as a result of the foregoing, the Company's internal controls and procedures were not effective; (4) Azure had received a credible whistleblower report alleging such misconduct; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

On August 29, 2022, Azure announced the resignation of its CEO, less than two months after his appointment. ¶ 3. The Company also disclosed that it had "received a whistleblower complaint in May 2022 alleging potential procedural irregularities and misconduct by certain employees at a plant belonging to one of its subsidiaries." *Id.* During the Company's review of these allegations, Azure "discovered deviations from safety and quality norms" and "also identified evidence of manipulation of project data and information by certain employees." *Id.*

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Gilbert* Complaint") filed in the action styled *Gilbert v. Azure Power Global Limited, et. al.,* Case No. 1:22-cv-07432-GHW (the "*Gilbert* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Gilbert* Complaint. The facts set forth in the *Gilbert* Complaint are incorporated herein by reference.

In response to this news, the Company's stock declined 44%, or $4.61, to close on August 29, 2022 at $5.85 per share, on unusually heavy trading volume. ¶ 4.

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Gilbert* Action against the Defendants. Plaintiff Carson D. Gilbert ("Gilbert") commenced the first-filed action on August 30, 2022. On that same day, counsel acting on Gilbert's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

## III.   ARGUMENT

### A.   Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $18,638.13 as a result of her transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1. Movant Filed a Timely Motion.

On August 30, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Gilbert published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Azure securities that they had 60 days from the publication of the August 30, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.*, C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

Movant timely filed her motion within the 60-day period following publication of the August 30, 2022 Press Release and submitted herewith a sworn certification attaching her

transactions in Azure securities and attesting that she is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Azure securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $18,638.13. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3. Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

5

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.     Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Azure's business, operations and prospects violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Azure securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants

6

purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated her adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that she has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for approximately seven years. She resides in Adana, Turkey, and possess a Master of Science in biomedical engineering. Movant is currently self-employed as the owner of Fama Medical, and also has a partnership in another company named Gene Bozkurtlar LTD. Further, Movant has experience overseeing attorneys, as she has hired attorneys relating to a personal injury matter. Therefore, Movant will prosecute the Action vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of her motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B. Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201,

7

274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and has retained the firm as the Class' Lead Counsel in the event she is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., White v. Nano-X Imaging LTD, et al.*, Nos. 20-CV-4355 (WFK)(MMH), 20-CV-4528 (RRM)(MMH), 2022 WL 3973838, at *7 (E.D.N.Y. Aug. 10, 2022) (appointing Levi & Korsinsky noting the firm "has demonstrated that it is qualified and has substantial experience litigating securities fraud cases and serving as lead counsel); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, Civil Action No. 20-cv-02652-CMA-STV, 2021 WL 1697147, at *4 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, Nos. 3:21-cv-00058-WHO; 3:21-cv-00070-WHO; 3:21-cv-00150-WHO, 2021 WL 1550454, at *6 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* Case No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301, at *3 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* Case No. 20 Civ. 2863 (AT), 2021 WL 38155, at *4 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this

litigation"; *Deinnocentis v. Dropbox, Inc.,* Case No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* Nos. 1:19-cv-11290 (ALC); 1:19-cv-11812 (ALC), 2020 WL 5439763, at *4 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: October 31, 2022                               Respectfully Submitted,

                                                                              **LEVI & KORSINSKY, LLP**

                                                                              By: */s/ Adam M. Apton*
                                                                              Adam M. Apton (AS-8383)
                                                                              55 Broadway, 10th Floor
                                                                              New York, NY 10006
                                                                              Tel: (212) 363-7500
                                                                              Fax: (212) 363-7171
                                                                              Email: aapton@zlk.com

                                                                              *Lead Counsel for Serap Lokman and*
                                                                              *[Proposed] Lead Counsel for the Class*