# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON D. GILBERT, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>      v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, ALAN ROSLING, HARSH SHAH, and PAWAN KUMAR AGRAWAL,<br><br>       Defendants. | Case No. 1:22-cv-07432-GHW |

## BRENDIN JAMES'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>

Lead Plaintiff Movant Brendin James ("James") submits this memorandum of law in opposition to the three competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 11, 14, 21).

## I. INTRODUCTION

Four individuals filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by James (Dkt. No. 18); Eric Webb ("Webb") (Dkt. No. 11); Serap Lokman ("Lokman") (Dkt. No. 14); and Yannick Sabourin ("Sabourin") (Dkt. No. 21). Sabourin has since effectively abandoned his motion by filing a notice informing the Court that he does not oppose the competing motions. *See* Dkt. No. 26. As such, only James, Webb, and Lokman remain in contention for appointment as lead plaintiff.

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified.

Here, while Webb and Lokman both claim to have a larger financial interest than James, both are disqualified from consideration for appointment as lead plaintiff because they are inadequate and/or subject to unique defenses.

1

Lokman rapidly purchased and sold Azure shares during the class period and engaged in day-trading. Such trading indicates that she was not relying on the integrity in the market price of Azure shares but was instead focused on exploiting daily movements in Azure's share price. Because of this, Defendants will inevitably raise a non-reliance defense to Lokman's claims, which does not apply to the class generally, and which will distract from class-wide issues at class certification, summary judgement, and trial. Courts routinely disqualify movants on this basis.

Lokman also resides in Turkey and claims a loss of approximately $18,638.13. Given the relationship between Turkey and the United States, the Court may have difficulty binding Lokman to its rulings or mandating her attendance at settlement, deposition, and trial proceedings. Moreover, there is a risk that Lokman will determine that relinquishing her lead role to instead be a class member is preferable to traveling back and forth from the United States. The Court should foreclose this risk at the outset by declining to appoint Lokman as lead plaintiff.

Webb should similarly be disqualified from consideration because he failed to provide any information about himself beyond his name and transactions. Without more, the Court cannot determine that he is adequate to represent the class, and Webb has deprived competing movants of the opportunity to challenge his adequacy. Courts routinely disqualify such movants—and the same result is warranted with respect to Webb.

Since Lokman and Webb are disqualified from consideration, the most adequate plaintiff presumption moves to James. Because the presumption has not been rebutted, James should be appointed lead plaintiff, and his selection of lead counsel should be approved.[1]

## II. LOKMAN SHOULD BE DISQUALIFIED FROM CONSIDERATION FOR APPOINTMENT AS LEAD PLAINTIFF

### A. Lokman Should Be Disqualified Because She Is A Day-Trader And Rapidly Bought And Sold Azure Shares During The Class Period

Lokman is subject to unique defenses because she engaged in day-trading. Lokman bought and sold hundreds of Azure shares within the same day, and rapidly entered and exited her position multiple times. *See* Dkt. No. 16-2 (Lokman's Loss Chart). For example, on October 6, 2021, it appears that Lokman purchased 500 shares, sold 495 shares, and purchased 495 in three separate transactions all on the same day. The next day, October 7, 2021, Lokman sold 500 shares, exiting her position from the day before. Early in 2022, Lokman rapidly purchased and sold shares. On January 3, 2022, Lokman purchased 500 shares. She then sold 550 shares on March 1, 2022, only to buy 600 shares on March 3, 2022. Four days later, on March 7, 2022, she turned around and sold 600 shares.

Investors that rapidly buy and sell (including day-traders) typically focus on "technical price movements rather than price," and are therefore subject to the unique defense that they would have purchased the shares at issue "regardless of the misstatement/omission." *Applestein v. Medivation Inc*, No. 10-cv-00998, 2010 WL 3749406, at *3 (N.D. Cal. Sept. 20, 2010); *see also Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("Such a high-volume day trader might be subject to the unique defense that frantic trading belies any true reliance on company reports or even on the integrity of the stock price

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

itself."); *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-06140, 2008 WL 3925289, at *10-*11 (N.D. Cal. Aug. 22, 2008) (day-traders "may be subject to a unique defense regarding [their] reliance upon publicly available information."); *Hurst v. Enphase Energy, Inc.*, No. 20-cv-04036, 2020 WL 7025085, at *7 (N.D. Cal. Nov. 30, 2020) (same); *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870, 2003 WL 23955714, at *3 (S.D. Cal. Jan. 30, 2003) ("Poe may be subject to the unique defense that he relied not on any misstatement or omission of material fact when deciding to buy or sell, but instead on the daily fluctuations in the stock price."). Accordingly, any presumption that Lokman is the most adequate plaintiff is rebutted.

To disqualify Lokman "the Court need not conclude that the defense is likely to or will succeed." *In re Hebron Tech. Co., Ltd. Sec. Litig.*, No. 20-cv-4420, 2020 WL 5548856, at *7 (S.D.N.Y. Sept. 16, 2020) (citation omitted). Instead, only a "potential" that she is "subject to unique defenses" is necessary to disqualify her. *Id.* (citation omitted); *see also Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 123 (S.D.N.Y. 2001) ("When a defense that is unique to a class representative threatens to dominate or even interfere with that plaintiff's ability to press the claims common to the class, then that threat must be analyzed with care."); *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989) ("[W]hether these defenses will be successful is of no matter. . . . Each of these plaintiffs would be required to devote considerable time to rebut the claim that their purchases were based not on the integrity of the market . . . . Clearly, this situation would prejudice absent class members."). Accordingly, Lokman should be disqualified from consideration for appointment as lead plaintiff.

B. **Lokman Should Be Disqualified Because She Resides in Turkey**

Lokman resides in Turkey and claims a loss of approximately $18,638.13. *See* Dkt. No. 16-2; Dkt. No. 16-4 ¶ 2. Given the relationship between the United States and Turkey, and the size of her loss, the Court may have difficulty binding Lokman to the Court's rulings. For

example, there's no assurance that Lokman will comply with Court orders to appear in the United States for deposition, settlement, or trial. Notably, Lokman's declaration in support of her lead plaintiff motion does not contain a promise that she will travel to the United States if called to. *See* Dkt. No. 16-4. And even if it did, assuming she is a Turkish citizen, there is no guarantee that she would be able to get a visa to do so. There is also a real risk that Lokman will determine that complying with the Court's orders to appear in the United States is not worth the effort and elect to relinquish her lead plaintiff role in favor of being a class member. The Court should foreclose this risk at the outset by declining to appoint Lokman as lead plaintiff. *See Haghebaert v. Tandy Leather Factory, Inc.*, No. 19-cv-1000, 2020 WL 4680193, at *3 (N.D. Tex. Apr. 8, 2020) (declining to appoint a foreign movant with the largest financial interest as lead plaintiff because "[t]he court finds it implausible that his $580.00 interest will motivate him to travel from Europe to the Northern District of Texas to attend hearings or settlement conferences in this action").

### III. WEBB SHOULD BE DISQUALIFIED FROM CONSIDERATION BECAUSE HE SUBMITTED INSUFFICIENT INFORMATION ABOUT HIMSELF

The only information Webb provided on the record about himself is his name and Azure transactions—nothing else. We know nothing of his background, including his investing experience. Moreover, because "Eric E. Webb" is such a common name, counsel for James has not been able to identify Mr. Webb. In other words, Webb has not provided enough information to establish his adequacy to represent the class, nor enough information for competing movants to investigate whether he has any qualities that render him inadequate.

Courts routinely disqualify lead plaintiff movants who fail to provide basic information about themselves. *See Perez v. HEXO Corp.*, No. 19-cv-10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) ("[G]iven [movant's] failure to provide any information regarding his

5

experience in his preliminary motion, the Court questions whether [he] will meaningfully oversee and control the prosecution of this consolidated class action."); *Karp v. Diebold Nixdorf, Inc.*, No. 19-cv-6180, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (denying lead plaintiff motion of movants who "provided the Court with little to go on with respect to their alleged capacity to manage this litigation"); *Gross v. AT&T Inc.*, No. 19-cv-2892, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (denying lead plaintiff motion of movant who "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"). The same result is warranted with respect to Webb—he should be disqualified from consideration for appointment as lead plaintiff.

## IV. JAMES SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A. James Is The Presumptively Most Adequate Plaintiff

Since Lokman and Webb are eliminated from consideration, James is the presumptively most adequate plaintiff. James satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, James filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 18. Second, James demonstrated that he satisfies the typicality and adequacy requirements of Rule 23 in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 19 at 6-8. In particular, with respect to his adequacy, James stated that he "is currently a senior consultant at a consulting firm and has a master's degree in Public Administration from Texas A&M." *Id.* Third, as the only remaining movant, James has the largest financial interest, as measured by the movants last in, first out losses:

| Movant | LIFO Loss |
|---|---|
| ~~Serap Lokman~~ | ~~$18,659.91~~ |
| ~~Eric E. Webb~~ | ~~$11,236.97~~ |
| Brendin James | $2,393.61 |
| Yannick Sabourin | $2,087.72 |

6

As such, James is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

**B. The Presumption That James Is The Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that James would be inadequate or subject to unique defenses. As such, James should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

**V. JAMES'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, James's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 20-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving James's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. *See Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514, 2016 WL 299034, at *6 (S.D.N.Y. Jan. 25, 2016) (approving Glancy Prongay & Murray LLP as lead

counsel). Accordingly, James's selection of lead counsel for the class should be approved.

## VI.  CONCLUSION

For the foregoing reasons, James respectfully requests that the Court grant his motion and enter an Order: (1) appointing James as lead plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: November 18, 2022

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Brendin James and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 18, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 18, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh