**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARSON D. GILBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, ALAN ROSLING, HARSH SHAH, and PAWAN KUMAR AGRAWAL,<br><br>    Defendants. | **CASE No.: 1:22-cv-07432-GHW**<br><br>**MEMORANDUM OF LAW OF ERIC WEBB IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>**<u>CLASS ACTION</u>** |

1

Lead Plaintiff Movant Eric Webb ("Movant" or "Mr. Webb") respectfully submits this opposition to the competing lead plaintiff motions. Dkt. Nos. 14, 18, and 21.

## PRELIMINARY STATEMENT

Four lead plaintiff motions were filed in this Court seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers of the publicly traded securities of Azure Power Global Limited ("Azure" or the "Company") between June 15, 2021 and August 26, 2022, both dates inclusive (the "Class Period").

Mr. Webb lost approximately $11,232 on his purchases of Azure securities and still holds all of his shares. Dkt. No. 13-3. As explained in his opening papers, Mr. Webb is both typical and adequate. *See* Dkt. Nos. 13 and 13-2. Mr. Webb is a resident of California with nearly a decade of investing experience and is enrolled in a master's degree program. Dkt. No. 13 at 7.

Serap Lokman ("Ms. Lokman"), a resident of Turkey, is the only competing movant claiming a larger financial interest than Mr. Webb. Dkt. Nos. 16-4 at 2, 16-2. However, Ms. Lokman does not qualify as the presumptive lead plaintiff as she does not meet Rule 23's typicality or adequacy requirements. Even if Ms. Lokman did meet Rule 23's typicality and adequacy requirements (she does not), her claimed losses are merely $7,405 greater than Mr. Webb's and therefore do not cement her as the presumptive lead plaintiff. *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (appointing movant with a claimed $386,186 smaller loss, stating the losses are "roughly equal" and the losses are only "slightly lower"); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 2007 WL 7952453, at *2 (S.D.N.Y. Feb. 21, 2007) (appointing movant with a claimed $40,000 smaller loss finding that difference in claimed loss not outcome determinative and "very slight" and noting the movant with the largest claimed loss faced unique defenses because it "may have sold most of its shares

2

before [Azure] announced corrective measures"); *Juliar v. Sunopta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (appointing movant, as part of a group, with a claimed $30,000 smaller loss finding a difference in claimed losses "minimal").

As Mr. Webb has the largest financial interest in this action *and* also *prima facie* satisfies the adequacy and typicality requirements of Rule 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Mr. Webb is presumed to be the "most adequate plaintiff" and, therefore, should be appointed lead plaintiff on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## ARGUMENT

### I. MS. LOKMAN IS ATYPICAL AND INADEQUATE

#### A. MS. LOKMAN IS AN ATYPICAL HIGH FREQUENCY OR DAY TRADER

Ms. Lokman appears to have day traded Azure stock and suffers from unique typicality defenses. *See* Dkt. No. 16-2. For example, on October 6, 2021, she purchased 495 shares only to sell them the same day for a profit. *Id*. Similarly, on October 6, 2021, she purchased another block of 495 shares only to sell that block the next day for another profit. *Id*. On March 3, 2022, she purchased 600 shares only to sell them March 7, 2022 for yet another profit. *Id*. Similar purchases and quick sells for profit occurred in April 2022 and June 2022, as well as another in October 2021. *Id*. This list is not comprehensive but demonstrates Ms. Lokman's day trading strategy.

Courts reject day traders, like Ms. Lokman, as lead plaintiff because they suffer from unique reliance defenses. *E.g., In re Opnext, Inc. Sec. Litig.,* 2008 WL 3285732, at *3 (D.N.J. Aug. 7, 2008) (finding movant atypical because "[d]ay trading is not commensurate with the manner in which the typical class member sustained alleged losses"); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) (finding high frequency trader

atypical because such trading "belies any true reliance on company reports or even on the integrity of the stock price itself"); *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal. Aug. 22, 2008) (finding a high frequency trader atypical from the class "because the class's damages stem from reliance upon the company's financial statements, not upon daily market volatility").

### B. MS. LOKMAN'S LOCATION CUTS AGAINST HER ADEQUACY

Even if the Court were to look past her day trading (it should not), Ms. Lokman lives in Turkey. It is not clear that Ms. Lokman would travel from Turkey to United States for deposition, trial, or mediation. Indeed, her declaration makes no such representations—even if the Court could consider it.[1] Dkt. No. 16-4.

Additionally, "[t]he distances involved and some differences in business culture would impede their ability to manage and to control American lawyers conducting litigation in [New York]." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999). These distances are more than simple travel but culture and also time—leading to rising costs for the class, unnecessarily—particularly given that there is a suitable alternative here, Mr. Webb.

In contrast to Ms. Lokman, Mr. Webb is a California resident, lost $11,232, and made a *prima facie* showing of adequacy and typicality and should be appointed lead plaintiff and his selection of The Rosen Law Firm, P.A. as lead counsel should be approved.

---

[1] Ms. Lokman's declaration is a nullity. 28 U.S. Code § 1746(1) required Ms. Lokman, as a Turkish resident, to state "I declare (or certify, verify, or state) under penalty of perjury **under the laws of the United States of America** that the foregoing is true and correct. Executed on (date). (Signature)". (Emphasis added.). No such language is present in her declaration and it should be rejected. *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (rejecting lead plaintiff movants who failed to comply with 28 U.S.C. § 1746).

## **CONCLUSION**

For the foregoing reasons, Mr. Webb's motion should be granted in its entirety and the competing motions should be denied.

Dated: November 18, 2022                     Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim