**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARSON D. GILBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, ALAN ROSLING, HARSH SHAH, and PAWAN KUMAR AGRAWAL,<br><br>    Defendants. | CASE No.: 1:22-cv-07432-GHW<br><br>**REPLY MEMORANDUM OF LAW OF ERIC WEBB IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>**CLASS ACTION** |

1

Lead Plaintiff Movant Eric Webb ("Movant" or "Mr. Webb") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion. Dkt. No. 11.

## I. INTRODUCTION

Only one other movant filed an opposition to Mr. Webb's lead plaintiff motion, Brendin James ("Mr. James"). Dkt. No. 28. Mr. James alleges that Mr. Webb "failed to provide any information about himself beyond his name and transactions." Dkt. No. 28 at 3. That is false. Mr. Webb provided that he is "a California resident who is currently enrolled in a master's degree program[,]" with "nearly a decade of investing experience[,]" in his opening brief. Dkt. No. 13 at 7; *see also* Dkt. No. 29 at 2 and 4.

The other two lead plaintiff movants do not oppose Mr. Webb's lead plaintiff motion. Yannick Sabourin filed a notice of non-opposition to the competing lead plaintiff motions, noting that "[h]aving reviewed the competing motions before the Court, it appears that Sabourin does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." Dkt. No. 26 at 2.

Similarly, Serap Lokman ("Ms. Lokman") did not oppose any lead plaintiff motion and thus concedes that Mr. Webb (and Mr. James) is both adequate and typical and otherwise should be appointed lead plaintiff. Dkt. No. 27. Indeed, Ms. Lokman's Memorandum of Law in Support of Serap Lokman's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel does not include the words "oppose," "opposition," or anything similar. *Id*.

As Ms. Lokman is atypical and inadequate due to her clear and significant issues with her day trading scheme and her location (Dkt. No. 28 at 3-6 and Dkt. No. 29 at 2-4) and Ms. Lokman and Mr. Webb claim similar losses (Dkt. No. 29 at 2-3), Mr. Webb's motion should be considered and granted. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp.

2d 388, 396 n.7 (S.D.N.Y. 2008) ("If [the movant alleging the greatest financial interest] does not satisfy the criteria of Rule 23, the Court must repeat the Rule 23 inquiry, this time considering the plaintiff with the next-largest financial stake. The Court so proceeds until it finds a plaintiff who is willing to serve and is able to satisfy the requirements of Rule 23."); *see also In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002). As Mr. Webb faces no issues, as conceded by Ms. Lokman, he should be appointed as lead plaintiff as the movant with the largest financial interest who is both adequate and typical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## II. ARGUMENT

### A. Mr. Webb Is Not Required to Provide Additional Information; Mr. Webb Provided Background Information Nonetheless

Mr. James appears to have neglected to read Mr. Webb's opening brief in which Mr. Webb provided his residency (California), his occupation and education (student in a master's degree program), and investing experience (nearly a decade of investing experience). Dkt. No. 13 at 7; *see also* Dkt. No. 29 at 2, 4.

Interestingly, Mr. Webb provided the same information as Mr. James in essentially the same part of his opening brief. *Compare* Dkt. No. 13 at 7 *with* Dkt. No. 19 at 7. It appears that Mr. James is comfortable with lead plaintiff movants providing their residence, occupation and education, and amount of investing experience as that is all he provided—which is the same as Mr. Webb and Ms. Lokman. *See* Dkt. Nos. 13 at 7, 15 at 7, and 19 at 7.

Mr. James' cases therefore are not applicable as Mr. Webb provided background information, just like Mr. James.

Even if Mr. Webb had neglected to include his background information, Mr. James' assertion is inaccurate as Mr. Webb has provided all required information, fully complying with

the PSLRA. *See* 15 U.S.C. § 78u–4(a)(2)(A)(i-vi); Dkt No. 13-2; *Veal v. LendingClub Corp.*, 2018 WL 5879645, at *4 (N.D. Cal. Nov. 7, 2018) ("'When the court makes [this] initial determination, it must rely on the ... complaint and sworn certification; there is no adversary process to test the substance of those claims.' [] As such, [Mr. Webb] need only make a *prima facie* showing that [he] satisfies the Rule 23 requirements of typicality and adequacy.") (quoting *In re Cavanaugh,* 306 F.3d at 730).

The PSLRA does not require such biographical information regarding individual lead plaintiff movants such as residence, occupation, and investing experience (which Mr. Webb provided nonetheless). *Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is required to make a preliminary showing of adequacy and typicality).

That Mr. James alleges he could not vet Mr. Webb is disingenuous as Mr. James neglected to even read Mr. Webb's opening brief wherein Mr. Webb provided the same background information as Mr. James and Ms. Lokman—demonstrating that his search was less than thorough at the start. *Compare* Dkt. No. 28 at 6 *with* Dkt. No. 13 at 7.

**B. THERE IS NO ACTUAL OPPOSITION TO MR. WEBB'S LEAD PLAINTIFF APPOINTMENT**

Ms. Lokman's Memorandum of Law in Support of Serap Lokman's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel does not oppose any lead plaintiff motion and does not include the words "oppose," "opposition," or anything similar. Dkt. No. 27. Mr. Sabourin filed a notice of non-opposition to the other lead plaintiff motions. Dkt. No. 26. Mr. James only took issue with Mr. Webb's alleged lack of background information. Dkt. No. 28 at 3, 6. As Mr. Webb provided such background information (Dkt. No. 13 at 7) there

4

is no further opposition possible from Mr. James, Ms. Lokman, Mr. Sabourin, or other class members. Indeed, the time for opposition has passed and any late arguments should be disregarded for their lack of merit and untimeliness. *Morgan v. McElroy*, 981 F. Supp. 873, 876 n.3 (S.D.N.Y. 1997) ("It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief."); *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) ("We need not consider this argument because it is raised for the first time in his reply brief.") (citing cases).

### III. CONCLUSION

For the foregoing reasons, Mr. Webb's motion should be granted in its entirety and the other lead plaintiff motions should be denied.

Dated: November 29, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>