UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON D. GILBERT, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, ALAN ROSLING, HARSH SHAH, and PAWAN KUMAR AGRAWAL,<br><br>    Defendants. | Case No.: 1:22-cv-07432-GHW<br><br>Hon. Gregory H. Woods |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF SERAP LOKMAN'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ................................................................................... 1

II.  ARGUMENT ............................................................................................................... 3

    A.   Ms. Lokman Has the Largest Financial Interest in Relief Sought by the Class .............. 3

    B.   Ms. Lokman Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23 ................................................................................................................ 5

    C.   The Lead Plaintiff Presumption in Favor of Ms. Lokman Has Not Been, and Cannot Be, Rebutted .................................................................................................. 6

        1. *Foreign Plaintiffs May Serve as Lead Plaintiffs in U.S. Federal Securities Actions* ............................................................................................................. 6

        2. *Ms. Lokman is Not a Day Trader* ................................................................... 9

III. CONCLUSION .......................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Africa v. Jianpu Tech. Inc.*,
 21-CV-1419 (JMF), 2021 U.S. Dist. LEXIS 95246 (S.D.N.Y. May 19, 2021) ........................ 3

*Alkhoury v. Lululemon Athletica, Inc.*,
 No. 13 Civ. 4596 (KBF), 2013 U.S. Dist. LEXIS 144105 (S.D.N.Y. Oct. 1, 2013) ................ 4

*Applestein v. Medivation Inc.*,
 No. 10-cv-00998, 2010 U.S. Dist. LEXIS 98255 (N.D. Cal. Sept. 20, 2010) ........................ 10

*City of Taylor Police and Fire Ret. Sys. v. Western Union Co.*,
 Civil Action No. 13-cv-03325-MSK-MJW, 2014 U.S. Dist. LEXIS 136101 (D. Colo. Sept. 26, 2014) ........................................................................................................................ 7

*Cortina v. Anavex Life Scis. Corp.*,
 15-CV-10162 (JMF), 2016 U.S. Dist. LEXIS 45906 (S.D.N.Y. Apr. 5, 2016) ................... 3, 4

*Denny v. Canaan Inc.*,
 21 Civ. 3299 (JPC), 2021 U.S. Dist. LEXIS 236097 (S.D.N.Y. Dec. 9, 2021) ........................ 7

*In re Doral Fin. Corp. Sec. Litig.*,
 414 F. Supp. 2d 398 (S.D.N.Y. 2006) ....................................................................................... 4

*Eichenholtz v. Verifone Holdings, Inc.*,
 No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633 (N.D. Cal. Aug. 22, 2008) ................ 10

*In re Facebook, Inc.*,
 288 F.R.D. 26 (S.D.N.Y.2012) ................................................................................................. 6

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................. 7

*Foley v. Transocean, Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................. 1

*Francisco v. Abengoa, S.A.*,
 No. 15-cv-6279-ER, 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ....................... 5

*Hessefort v. Super Micro Computer, Inc.*,
 317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................................... 4

*Hurst v. Enphase Energy, Inc.*,
 No. 20-cv-04036, 2020 U.S. Dist. LEXIS 223696 (N.D. Cal. Nov. 30, 2020) ...................... 10

*Jiehua Huang v. Airmedia Grp., Inc.*,
    No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083 (S.D.N.Y. Nov. 10, 2015) .......... 1

*Juliar v. Sunopta Inc.*,
    Nos. 08 Civ. 933 (PAC); 08 Civ. 1070 (PAC); 08 Civ. 1313 (PAC); 08 Civ. 1496 (PAC);
    08 Civ. 1844 (PAC); 08 Civ. 2034 (PAC); 08 Civ. 2910 (PAC), 2009 U.S. Dist. LEXIS
    58118 (S.D.N.Y. Jan. 30, 2009) ............................................................................................ 4

*Kaplan v. Gelfond*,
    240 F.R.D. 88, 92 (S.D.N.Y. 2007) ...................................................................................... 6

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015) .................................................................................. 5

*Lax v. First Merchants Acceptance Corp.*,
    No. 97-CV-2715, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 11, 1997) ........................... 3

*Marsden v. Select Med. Corp.*,
    246 F.R.D. 480 (E.D. Pa. 2007) ........................................................................................... 8

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147, 151, 153 (D. Del. 2005) ............................................................................. 8

*Murphy v. JBS S.A.*,
    17-CV-3084, 2017 U.S. Dist. LEXIS 166262 (E.D.N.Y. Oct. 6, 2017) ................................ 6

*Nasin v. Hongli Clean Energy Techs. Corp.*,
    No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673 (D.N.J. Nov. 21, 2017) ................... 7

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
    63 F. Supp. 3d 394 (D. Del. 2014) ....................................................................................... 8

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................................... 1

*In re Opnext, Inc.*,
    Civil Action No. 08-920 (JAP), 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug 7, 2008) ......... 10

*In re Peregrine Sys., Inc. Sec. Litig.*,
    No. 02-cv-870, 2003 WL 23955714 (S.D. Cal. Jan. 30, 2003) ........................................... 10

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................................... 6

*Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*,
    2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007) ..................................................... 4

*Reitan v. China Mobile Games & Ent. Group, Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) .................................................................................... 5

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ......................................................................................... 3

*Smith v. Antares Pharma, Inc.*,
   C.A. No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964 (D.N.J. July 27, 2018) ... 11

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................................. 8

*Tsirekidze v. Syntax-Brillian Corp.*,
   Nos. CV-07-2204-PHX-FJM; CV-07-2454-PHX-ROS; CV-07-2524-PHX-ROS; CV-07-
   2525-PHX-SRB, 2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 7, 2008) ............................ 10

*Vinh Nguyen v. Radient Pharms. Corp.*,
   287 F.R.D. 563 (C.D. Cal. 2012) ......................................................................................... 8

*Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor
   Prop. Grp. Inc.*,
   No. 16-CV-02400 (AT)(SN), 2016 U.S. Dist. LEXIS 164682 (S.D.N.Y. Nov. 29, 2016) ...... 4

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................. 1, 6

28 U.S.C. § 1746 ...................................................................................................................... 6

**Rules**

FINRA Rule 4210(f)(8)(B)(ii) ................................................................................................. 9

**I.       PRELIMINARY STATEMENT**

The PSLRA makes clear that a rebuttable presumption exists for "the most adequate plaintiff . . . [which] is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption can only be rebutted by actual "proof" that the movant with the largest financial interest is somehow atypical or inadequate. *Jiehua Huang v. Airmedia Grp., Inc.,* No. 1:15-CV-4966 (ALC), 2015 U.S. Dist. LEXIS 178083, at *6-7 (S.D.N.Y. Nov. 10, 2015) ("'speculative and hypothetical' allegations should not prevent the appointment of a lead plaintiff") (quoting *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)); *Foley v. Transocean, Ltd.,* 272 F.R.D. 126, 131-33 (S.D.N.Y. 2011) (finding that the presumption "may only be rebutted upon "proof" of inadequacy or atypicality and rejecting challenge founded on speculation).

Here, Ms. Lokman, is the movant with the greatest financial interest, by far, despite Webb insinuating that a $7,405.60 is somehow *de minims* (ECF No. 29, "Webb Opp" at 1). With a loss of over $18,638, compared to Webb's loss of $11,232, Webb's loss is nearly half as much as Ms. Lockman's, a difference that does, in fact, "cement" her as the presumptive lead plaintiff. Webb Opp. at 1 (ECF No. 29). In addition to possessing the largest financial interest in the litigation, Ms. Lokman has made *prima facie* showing of adequacy and typicality under Rule 23. She purchased Azure stock on the open market during the Class Period just like all other members of the Class. Further, her professional background as a biomedical engineer and business owner supports the conclusion that she will meaningfully participate in the Action and oversee her counsel to ensure that the best possible outcome for the class is achieved.

Nevertheless, competing movants Webb and James make several unsubstantiated claims against Ms. Lokman in an effort to rebut the presumption presently in her favor and supplant her

as the "most adequate plaintiff" to serve as the lead plaintiff. First, Webb and James make speculative assertions that Ms. Lokman would be unable or unwilling to travel from Turkey to the United States to adequately litigate the Action. While Ms. Lokman's certification already confirmed her "willing[ness] to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary" (ECF. No. 16-1), the attached supplemental declaration from Ms. Lokman further confirms that her residence in Turkey will not interfere with her participation in this action. Indeed, Ms. Lokman can and does travel regularly to the United States and, as a matter of fact, was just here earlier this month. *See* Lokman Supp. Decl. at ¶2-3. Ms. Lokman's travel visa allows her to come and go as she pleases and, if necessary, stay for up to six months during any visit (which will be more than enough time to complete a trial). *Id*. Relatedly, Ms. Lokman as the proposed lead plaintiff has and will submit to this Court's jurisdiction and rulings during the course of the litigation.

Webb and James also argue that Ms. Lokman is a high frequency/day trader. Ms. Lokman is plainly ***not*** a day trader within the meaning of any lead plaintiff jurisprudence or FINRA Rule 4210, adopted by the SEC. Neither Webb nor James have provided any case law in which a court found a lead plaintiff movant with a trading history similar to Ms. Lokman's to be a day-trader. During the 437-day Class Period, Ms. Lokman bought and sold Azure shares within the same 24-hour period on only ***one*** occasion, which in no way raises issues as to her adequacy or typicality to represent the Class. As confirmed in the accompanying supplemental declaration, Ms. Lokman invested in Azure for the long-term and was not engaged in any atypical trading strategies. Lokman Supp. Decl. at ¶ 4.

Accordingly, Ms. Lokman is the "most adequate plaintiff" and should be appointed as Lead Plaintiff to represent the Class.

## II.     ARGUMENT

### A.     Ms. Lokman Has the Largest Financial Interest in Relief Sought by the Class

Ms. Lokman, with a recoverable loss of over $18,638, has the largest financial interest in the litigation. Although the PSLRA "does not define 'largest financial interest,'" courts "'have generally relied on' four factors identified in *Lax v. First Merchants Acceptance Corp.,* No. 97-CV-2715, 1997 U.S. Dist. LEXIS 12432 (N.D. Ill. Aug. 11, 1997), commonly known as 'the *Lax* factors.'" *Cortina v. Anavex Life Scis. Corp.,* 15-CV-10162 (JMF), 2016 U.S. Dist. LEXIS 45906, at *3 (S.D.N.Y. Apr. 5, 2016) (quoting *Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473, 475 (S.D.N.Y. 2011)); *Africa v. Jianpu Tech. Inc.,* 21-CV-1419 (JMF), 2021 U.S. Dist. LEXIS 95246, at *2 (S.D.N.Y. May 19, 2021). The four factors in order of importance are: (1) "the approximate losses suffered by the plaintiffs;" (2) "the total net funds expended by the plaintiffs during the class period;" (3) "the number of net shares purchased;" and (4) "the number of shares purchased" during the class period. *Jianpu*, 2021 U.S. Dist. LEXIS 95246, at *2; *see also Anavex*, 2016 U.S. Dist. LEXIS 45906, at *3 ("courts tend to treat the factors in ascending order of importance, with the number of shares purchased as the least important and the size of the loss the most important").

As evidenced in both her opening motion, and her opposition, Ms. Lokman has the largest financial interest under every one of these factors, including the most important factor, the approximate loss suffered. Webb does not dispute the *Olsten/Lax* factors. Rather, he claims that the difference between Ms. Lokman's loss and his are "merely $7,405" and therefore inconsequential under the law. Webb Opp. at 2. The cases cited by Webb for this proposition are inapposite as the percentage difference between losses in all of the cases cited is much smaller than the nearly 50% difference between Ms. Lokman's and Webb's losses here. *See In re Doral*

*Fin. Corp. Sec. Litig.,* 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) ($386,186 smaller loss represented an 18% difference, and the court considered "probable margins of error involved in the various damages estimates…including loss calculations from at least five different class periods"); *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.*, 2007 U.S. Dist. LEXIS 97959, at *6 (S.D.N.Y. Feb. 21, 2007), ($40,000 smaller loss represented a 2% difference); *Juliar v. Sunopta Inc.,* Nos. 08 Civ. 933 (PAC); 08 Civ. 1070 (PAC); 08 Civ. 1313 (PAC); 08 Civ. 1496 (PAC); 08 Civ. 1844 (PAC); 08 Civ. 2034 (PAC); 08 Civ. 2910 (PAC), 2009 U.S. Dist. LEXIS 58118, at *9-10 (S.D.N.Y. Jan. 30, 2009) ($30,000 smaller loss represented a 13% difference). Moreover, even if the Court viewed $7,405, or nearly 50% difference, as roughly equal or minimal (it should not), Webb completely ignores that all four of the *Olsten/Lax* factors favor Ms. Lokman. *See SafeNet,* 2007 U.S. Dist. LEXIS 97959, at *6-7 (with a 2% loss differential, the court appointed the movant that purchased more net shares and expended more net funds); *Anavex,* 2016 U.S. Dist. LEXIS 45906, at *4 (appointing movant that purchased more net shares and expended more net funds over movant whose loss was "only slightly" (3.5%) larger); *Westchester Putnam Cntys. Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Prop. Grp. Inc.,* No. 16-CV-02400 (AT)(SN), 2016 U.S. Dist. LEXIS 164682, at *4 (S.D.N.Y. Nov. 29, 2016) (appointing movant based on net shares purchased and net funds expended when losses "roughly equal"); *Alkhoury v. Lululemon Athletica, Inc.,* No. 13 Civ. 4596 (KBF), 2013 U.S. Dist. LEXIS 144105, at *3-4 (S.D.N.Y. Oct. 1, 2013) (appointing movant that purchased more net shares and expended more net funds over movant that incurred 1.7% larger loss).

"[A]ny financial difference is meaningful in determining a lead plaintiff". *Hessefort v. Super Micro Computer, Inc.,* 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018); *see also Francisco v. Abengoa, S.A.,* No. 15-cv-6279-ER, 2016 U.S. Dist. LEXIS 68145, at *16 (S.D.N.Y. May 24,

4

2016) (appointing movant with a larger financial interest is appropriate even when "the difference in losses" were "*de minimis*"). Because it is undisputed that Ms. Lokman has incurred the largest loss, purchased the most shares, retained the most shares, and expended the most net funds from purchasing Azure shares, she has the largest financial interest and is the presumptive Lead Plaintiff.

### B. Ms. Lokman Otherwise Satisfies the Typicality and Adequacy Requirements of Rule 23

A lead plaintiff movant need only make a "preliminary showing" of typicality and adequacy to trigger the presumption of most adequate plaintiff. *See, e.g., Khunt v. Alibaba Grp. Holding Ltd.,* 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015) (" . . . in deciding a motion to serve as lead plaintiff, [t]he moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met. In fact, a wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." (internal quotations and citations omitted)).

As set forth in her opening and opposition briefs, Ms. Lokman satisfies both the adequacy and typicality requirements of Rule 23. Like all class members, Ms. Lokman relied on Azure's misrepresentations, lost money as a result, and now seeks to recover it. Ms. Lokman invested long-term in Azure and will zealously represent the Class. Lokman Supp. Decl. at ¶4. Further, Ms. Lokman has no conflicts with other Class Members, and her interests are aligned with the Class' interests of maximizing a recovery for the Class. *Reitan v. China Mobile Games & Ent. Group, Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014); *see also* Lokman Supp. Decl. at ¶4.

Moreover, Ms. Lokman is qualified to serve as lead plaintiff, as she has a master's degree in biomedical engineering, is a business owner, and has experience overseeing attorneys for a

personal injury matter. ECF No. 16-4 at 2. Ms. Lokman also has over seven years of investing experience. *Id*. Likewise, Ms. Lokman signed a certification pursuant to the federal securities laws and submitted a declaration detailing her motivation, intention, and willingness to oversee this litigation. There is no doubt that Ms. Lokman will adequately represent the interests of the proposed class.

### C. The Lead Plaintiff Presumption in Favor of Ms. Lokman Has Not Been, and Cannot Be, Rebutted

Webb and James can only rebut the strong "most adequate lead plaintiff" presumption with actual proof that Ms. Lokman is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Murphy v. JBS S.A.*, 17-CV-3084, 2017 U.S. Dist. LEXIS 166262, at *15-18 (E.D.N.Y. Oct. 6, 2017) ("Exacting proof" necessary to rebut the presumption as "[c]onclusory assertions and mere speculation will not suffice."); *In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y.2012) ("[E]xacting proof" needs be put forward to rebut the presumption in favor of the lead plaintiff); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,* 229 F.R.D. 395, 412 (S.D.N.Y. 2004); *Kaplan v. Gelfond,* 240 F.R.D. 88, 92, 94-95 (S.D.N.Y. 2007). Webb and James have failed to provide such "proof".

#### 1. *Foreign Plaintiffs May Serve as Lead Plaintiffs in U.S. Federal Securities Actions*

Ms. Lokman has provided sworn evidence that she is "willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary." *See* ECF No. 16-1, PSLRA Certification.[1] Webb & James, however, argue that Ms. Lokman's

---

[1] Contrary to Webb's contention, Ms. Lokman's declaration does in fact comply with Section 1746. Ms. Lokman's declaration was signed "Pursuant to 28 U.S.C. § 1746…under penalty of

6

residency in Turkey would interfere with her ability to participate in this litigation. This argument is based on pure speculation and is, in fact, not true. As confirmed by Ms. Lokman in the accompanying supplemental declaration, she holds a tourist visa that allows for her to regularly travel to the United States as much as she needs or wants that will remain valid for the next 9 years. Lokman Supp. Decl. at ¶ 2. Ms. Lokman has been to the United States as recently as earlier this month during a visit to Washington, D.C. and Philadelphia, Pennsylvania. *Id*. at ¶ 3. Further, there are numerous flights that she can take to the New York City area from her home in Turkey. *Id*. at ¶ 3. In sum, Ms. Lokman is more than ready, willing, and able to travel to the U.S. and zealously represent the class. *Id*. at ¶ 4.

In fact, even if Ms. Lokman were not a frequent visitor here, foreign investors can, and have, served as lead plaintiffs in numerous federal securities fraud class actions. *See Foley v. Transocean Ltd.,* 272 F.R.D. 126, 133-34 (S.D.N.Y. 2011) ("Courts in this District and others have routinely appointed foreign investors as lead plaintiff"). Further, denying a most adequate lead plaintiff her rightful appointment simply because she is a foreigner constitutes blatant discrimination, which courts have declined to do so. *City of Taylor Police and Fire Ret. Sys. v. Western Union Co.,* Civil Action No. 13-cv-03325-MSK-MJW, 2014 U.S. Dist. LEXIS 136101, at *18 (D. Colo. Sept. 26, 2014) (refusing to "clos[e] the courthouse doors to all but U.S. citizens…[particularly where] the purchases of [the] stock at issue took place on a U.S. stock

---

perjury". ECF No. 16-4, Lokman Declaration. "Section 1746…requires 'substantial' compliance, and the declaration cited the relevant federal statute and stated that it was sworn under penalty of perjury. Courts have approved identical or substantially similar language." *Denny v. Canaan Inc.,* 21 Civ. 3299 (JPC), 2021 U.S. Dist. LEXIS 236097, at *12-13 (S.D.N.Y. Dec. 9, 2021) (collecting cases). The only case cited by Webb for this assertion, *Nasin v. Hongli Clean Energy Techs. Corp.*, involved "PSLRA declarations that [entirely] lacked the required 'under penalty of perjury' language", not 'under the laws of the United States of America'. No. 2:17-3244 (WJM), 2017 U.S. Dist. LEXIS 192673, at *8 (D.N.J. Nov. 21, 2017).

exchange and the alleged fraudulent statements were made . . . in the [U.S.]"); *Marsden v. Select Med. Corp.,* 246 F.R.D. 480, 486 (E.D. Pa. 2007) (rejecting challenge to class certification where the class representative "hails from another country" because it "does not change the fact that this action falls squarely under the [U.S.] securities laws"); *Vinh Nguyen v. Radient Pharms. Corp.,* 287 F.R.D. 563, 575 (C.D. Cal. 2012) (holding that the federal securities laws "appl[y] to securities bought from an American stock exchange, regardless of the location of the investor").

James takes this argument one step further and claims a *res judicata* defense by stating that this Court "may have difficulty binding [Ms. Lokman] to its rulings" James Opp. at 2. It suffices to say that it is settled law that foreign investors are not inadequate lead plaintiffs merely because of speculative *res judicata* arguments. *See, e.g., In re Molson Coors Brewing Co. Sec. Litig.,* 233 F.R.D. 147, 151, 153 (D. Del. 2005) (observing that "many courts, including this one, have approved foreign investors as lead plaintiffs in cases such as this" and further noting the *res judicata* argument is a "red herring"). In the class action context, *res judicata* concerns, if any, relate to whether rulings will have preclusive effect on absent foreign class members, not to whether parties appearing before the court will be bound. *See Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1139 (C.D. Cal. 1999) ("Concerns respecting the *res judicata* impact of any judgment in favor of defendants . . . are not an issue with respect to the selection of Lead Plaintiffs, since those persons will clearly be bound by the judgment of the court."); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,* 63 F. Supp. 3d 394, 405-07 (D. Del. 2014) (rejecting speculative *res judicata* arguments raised against a non-U.S. lead plaintiff movant where the movant is voluntarily before the court).

Relying on ambiguous speculations and inapposite caselaw, Webb's and James' arguments against Ms. Lokman's typicality and adequacy utterly fail to amount to the "proof" required to rebut the lead plaintiff presumption in her favor.

### 2. *Ms. Lokman is Not a Day Trader*

Both Webb and James attempt, unsuccessfully, to rebut the presumption in favor of appointing Ms. Lokman by wrongly describing Ms. Lokman as a "high frequency" or "day trader", a term that neither Webb nor James conspicuously define in their briefs, and assert that because of her trading pattern Ms. Lokman is atypical and inadequate to represent the Class. This baseless argument is supported by neither the facts on the record nor the law and certainly does not rise to the exacting level of "proof" needed to overcome the PSLRA's presumption.

Ms. Lokman is plainly not a day trader. A "day-trader" within the meaning of FINRA Rule 4210(f)(8)(B)(i) is "the purchasing and selling or the selling and purchasing of the same security on the same day in a margin account." FINRA Rule 4210(f)(8)(B)(ii) defines a "pattern day trader" as "any customer who executes four or more day trades within five business days," provided that the number of day trades represents more than six percent "of total trades in the margin account for the five business day period." The SEC has adopted both of these definitions. Out of a 437-day class period (June 15, 2021 – August 26, 2022, inclusive), Ms. Lokman purchased and sold Azure shares in the same day *only one time* – on October 6, 2021. This could hardly be categorized as either high-frequency trading or day-trading under the FINRA Rule, or any other rule for that matter. Further, Ms. Lokman invested in Azure long-term and continued to purchase shares as the price of the stock declined in hopes to average down her cost. Lokman Supp. Decl. at ¶4.

Webb nor James have provided any case law in which a court found a lead plaintiff movant with a trading history similar to Ms. Lokman's to be a day trader and instead Webb and James rely

9

on vague statements such as she "rapidly purchased and sold shares" and even attempts to categorize a purchase in January 2022 and a sale in March 2022, *two months later,* as an example of this. James Opp. at 3. Moreover, the cases Webb and James rely on for their premise fail to provide any support because each one involves shareholders that actually fit the definition of a day-trader, unlike Ms. Lokman who is **not a day trader**. *See In re Opnext, Inc.,* Civil Action No. 08-920 (JAP), 2008 U.S. Dist. LEXIS 60678, at *9-10 (D.N.J. Aug 7, 2008). (Lead plaintiff group was found inadequate because a substantial amount of the group's losses stemmed from day trading, making it atypical); *Tsirekidze v. Syntax-Brillian Corp.,* Nos. CV-07-2204-PHX-FJM; CV-07-2454-PHX-ROS; CV-07-2524-PHX-ROS; CV-07-2525-PHX-SRB, 2008 U.S. Dist. LEXIS 118562, at *18 (D. Ariz. Apr. 7, 2008) (court found a lead plaintiff movant to be "a high-volume day trader" because his trading history was "unusually active, making as many as *80 separate transactions* of Syntax-Brillian stock in a single day.") (emphases added); *Eichenholtz v. Verifone Holdings, Inc.,* No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *35 (N.D. Cal. Aug. 22, 2008) (the court found that a lead plaintiff movant was a day trader because it both purchased and sold hundreds and thousands of shares of the securities at issue on multiple days, "amount[ing] to an average of over eight trades a day for a significant portion of the class period."); *Applestein v. Medivation Inc.,* No. 10-cv-00998, 2010 U.S. Dist. LEXIS 98255, at *10 (N.D. Cal. Sept. 20, 2010) (the movant found to be a day trader "bought and sold Medivation stock on the same day" not once, like Ms. Lokman, but "[o]n *at least nine occasions* during the class period") (emphasis added); *Hurst v. Enphase Energy, Inc.,* No. 20-cv-04036, 2020 U.S. Dist. LEXIS 223696, at *7-8 (N.D. Cal. Nov. 30, 2020) (court found that a lead plaintiff movant group was inadequate because it "purchased and sold 154,261 shares" in a three month period, "often act[ing] as day traders, purchasing and selling Enphase stock within the same day[]" and ended the class

period holding only 3,000 shares); *In re Peregrine Sys., Inc. Sec. Litig.,* No. 02-cv-870, 2003 WL 23955714, at *3 (S.D. Cal. Jan. 30, 2003) ("the court [was] troubled by the sheer volume and frequency of Poe's trades, which distinguishes him from the typical class member"). Although Ms. Lokman did sell shares of Azure during the Class Period, the act of selling shares during the Class Period does not make her a day trader, nor does it make her inadequate or atypical. Rather courts have found movants with trading patterns nearly identical to Ms. Lokman to be adequate and typical of the class, not inadequate, as Webb and James incorrectly suggest. *See Smith v. Antares Pharma, Inc.,* C.A. No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *9 (D.N.J. July 27, 2018) (movant who bought and sold shares within the same day only once during the class period was found to be adequate, despite competing movants claiming he was a day trader). Furthermore, even after factoring in her class period sales, Ms. Lokman still retained more than ***double*** the amount of shares than that of Webb, and retained more than 10 times the amount of shares than James.

## III. CONCLUSION

For the foregoing reasons, Ms. Lokman respectfully requests that the Court grant her Motion and enter an Order: (1) appointing her as Lead Plaintiff, (2) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: November 29, 2022　　　　　　　　　　　　Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
55 Broadway, 10th Floor
New York, NY 10006

11

                                                     Tel: (212) 363-7500
                                                     Fax: (212) 363-7171
                                                     Email: aapton@zlk.com

*Lead Counsel for Serap Lokman and*
*[Proposed] Lead Counsel for the Class*