UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARSON D. GILBERT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, ALAN ROSLING, HARSH SHAH, and PAWAN KUMAR AGRAWAL,<br><br>Defendants. | Case No. 1:22-cv-07432-GHW |

**BRENDIN JAMES'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>LEAD COUNSEL</u>**

James's[1] motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 18) should be granted because Lokman resides in Turkey and is subject to unique defenses related to her rapid purchases and sales, and Webb provided insufficient background information about himself.

I.  **LOKMAN SHOULD BE DISQUALIFIED BECAUSE SHE RESIDES IN TURKEY AND RAPIDLY PURCHASED AND SOLD AZURE SHARES**

As both James and Webb pointed out in their opposition memoranda, the fact that Lokman resides in Turkey will cause unique problems for her and her counsel's prosecution of the case that do not apply to James. In fact, Lokman's residence has already become an issue because she failed to sign her declaration "under penalty of perjury under the laws of the United States of America" which she is required to do as a foreign resident—rendering it invalid. *See* Dkt. No. 29 at 4 n.1; 28 U.S.C. § 1746(1). As such, Lokman should be disqualified from consideration for appointment as lead plaintiff. *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999) (rejecting lead plaintiff movants in part because they "are foreign organizations," and "[t]he distances involved and some differences in business culture would impede their ability to manage and to control American lawyers," and "[i]n a long trial, it would be obviously difficult for [them] to attend in its entirety"); *Haghebaert v. Tandy Leather Factory, Inc.*, No. 19-cv-1000, 2020 WL 4680193, at *3 (N.D. Tex. Apr. 8, 2020) (rejecting a lead plaintiff movant in part because "it [is] implausible that his $580.00 interest will motivate him to travel from Europe to the Northern District of Texas to attend hearings or settlement conferences in this action").

---

[1] All capitalized terms herein are as defined in James's' opposition memorandum (Dkt. No. 28) unless otherwise noted.

Moreover, despite now having had a second opportunity in her opposition memorandum to offer an explanation as to why she was rapidly purchasing and selling Azure shares during the class period, or an explanation as to why such trading does not give rise to unique defenses against her claims, Lokman has remained silent. *See* Dkt. No. 27. As such, Lokman is subject to the unique defense that she relied on daily fluctuations in Azure's share price when buying and selling, and not on Azure's misrepresentations at issue in this action. *See In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870, 2003 WL 23955714, at *3 (S.D. Cal. Jan. 30, 2003) (rejecting a lead plaintiff movant who "may be subject to the unique defense that he relied not on any misstatement or omission of material fact when deciding to buy or sell, but instead on the daily fluctuations in the stock price"). Lokman should be disqualified on this basis.

## II. WEBB SHOULD BE DISQUALIFIED BECAUSE HE SUBMITTED INSUFFICIENT INFORMATION ABOUT HIMSELF

Webb has provided insufficient information about himself to establish his adequacy. *See* Dkt. No. 28 at 5.[2] While Webb claims he lives in California, he does not provide a city or county of residence. *See* Dkt. No. 13 at 7. Webb also does not provide any employment history. While claiming he is enrolled in a "master's degree program," he does not provide the area of study or the school. As such, Webb should be disqualified from consideration for appointment as lead plaintiff on the basis that he provided too little background information about himself to establish his adequacy. *See Perez v. HEXO Corp.*, No. 19-cv-10965, 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020) (rejecting a lead plaintiff movant who provided some "vague" information about

---

[2] Counsel for James inadvertently missed the portion of Webb's lead plaintiff motion in which Webb provided slightly more information about himself beyond just his name and trades. *See* Dkt. No. 13 at 7 ("[Webb] is a sophisticated investor with nearly a decade of investing experience. He is also a California resident who is currently enrolled in a master's degree program."). However, this information is still insufficient to establish Webb's adequacy to represent the class.

2

himself because "the Court is skeptical" that "an individual investor about whom little is known . . . possesses the requisite sophistication to serve as lead plaintiff").

### III. JAMES SHOULD BE APPOINTED AS LEAD PLAINTIFF

Since Lokman and Webb are eliminated from consideration, James is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). First, James filed a timely motion (Dkt. No. 18). Second, James has the next largest financial interest of any movant after Lokman and Webb—and in fact is the only remaining movant. *See* Dkt. No. 20-3 (evidencing a LIFO loss of $2,393.61). Third, James has made the required preliminary showing that he satisfies the requirements of Rule 23. *See* Dkt. No. 19 at 6-8. As such, James is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

Moreover, the presumption that James is the most adequate plaintiff has not been rebutted. No movant, including Lokman and Webb, has challenged James's adequacy. There is no dispute— James has been managing his own investments for approximately 6 years, is a senior consultant at a consulting firm, and has a master's degree in public administration from Texas A&M. *See* Dkt. No. 19 at 6. James is adequate to represent the class. Accordingly, James should be appointed as lead plaintiff, and his selection of counsel should be approved.

### IV. CONCLUSION

For these reasons, Lokman and Webb's motions should be denied, James should be appointed as lead plaintiff, and James's selection of counsel should be approved.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: November 29, 2022 | **GLANCY PRONGAY & MURRAY LLP**<br><br>By:  /s/ Gregory B. Linkh<br>Gregory B. Linkh (GL-0477)<br>230 Park Ave., Suite 358<br>New York, NY 10169<br>Telephone: (212) 682-5340<br>Facsimile: (212) 884-0988<br>Email: glinkh@glancylaw.com<br><br>Robert V. Prongay<br>Charles H. Linehan<br>Pavithra Rajesh<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>Telephone: (310) 201-9150<br>Facsimile: (310) 201-9160<br><br>*Counsel for Brendin James and Proposed Lead Counsel for the Class* |

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On November 29, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 29, 2022, at New York, New York.

                                         */s/ Gregory B. Linkh*
                                         Gregory B. Linkh