大成 DENTONS

**Douglas W. Henkin**

douglas.henkin@dentons.com
D   +1 212-768-6832

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

April 7, 2023

**By ECF**
Honorable Gregory Woods
500 Pearl Street
New York, New York 10007-1312

Re:   *Serap Lokman et al. v. Azure Power Global Limited et al.*,
       Case No. 1:22-cv-7432-GHW (the "Action")

Dear Judge Woods:

We represent Defendants Azure Power Global Limited ("Azure"), Alan Rosling, and Pawan Kumar Agrawal ("Defendants"). Defendants submit this letter pursuant to Your Honor's Rule of Individual Practice 2.E. to request a conference in advance of Defendants' response to the First Amended Complaint ("AC"). Defendants intend to move to dismiss the AC under Fed. R. Civ. P. 12(b)(6).

Azure is a solar energy and sustainable development company in India that builds and operates solar power projects. Azure generates renewable power (primarily solar) that it supplies to Indian state government utilities and independent industrial and commercial customers. Lead Plaintiff alleges that Defendants violated federal securities laws by making material misstatements and omissions in Azure's reporting of financial data to the SEC in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act").  Lead Plaintiff asserts that these misstatements are evidenced by Azure's delay in filing its annual report on Form 20-F for the fiscal year ending March 31, 2022 with the Securities and Exchange Commission (the "SEC"), the resignation of three company executives, and Azure's internal investigations pursuant to whistleblower complaints. Lead Plaintiff's claims fail to meet the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 9(b) and should be dismissed.

### A. Plaintiff Fails to Allege that Defendants Made Any Misstatements

Lead Plaintiff alleges that Defendants "issued a series of material misstatements and omitted material facts in Azure's public filings, press releases and other documents," but does not identify what was supposedly false about any of those statements. The allegations in the AC pertain to: Ranjit Gupta and Murali Subramanian resigning as CEO and COO, Azure communicating delays in filing its 2022 Form 20-F, Harsh Shah resigning as CEO, and Azure updating investors about its investigations into various whistleblower complaints. *See* AC ¶¶ 128, 130, 133-35. The AC simply parrots statements from Azure's SEC filings and press releases but does not explain why any of the statements it discusses were false when made.

With respect to the whistleblower complaints, "it bears emphasis that § 10(b) and Rule 10b–5(b) do not create an affirmative duty to disclose any and all material information." *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 45 (2011). Indeed, Plaintiff alleges that when

speaking to investors, Mr. Rosling explained that the information he was providing was "*as far as [Azure] know[s]*." AC ¶ 144 (emphasis in original). Further, "[a] n allegedly material misstatement must have been false at the time that it was made." *In re EHang Holdings Ltd. Sec. Litig.*, No. 21 CIV. 1392 (GBD), 2022 WL 17718546, at *6 (S.D.N.Y. Dec. 15, 2022). There are no allegations that Defendants knew that any of their alleged statements were untrue when those statements were made.

### B. The Alleged Misstatements Were Not Material

None of the alleged misstatements were material. A misstatement is material if "there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to act." *ECA, Loc. 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co.,* 553 F.3d 187, 197 (2d Cir. 2009). *First*, statements about the resignations of Azure executives are not material. *In re Liberty Tax, Inc. Sec. Litig.,* 828 F. App'x 747, 752 (2d Cir. 2020) (press release about the resignation of the CEO was not material). *Second*, alleged statements about Azure's internal procedures emanating from discussions of a whistleblower's allegations are likewise immaterial. *See Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 103 (2d Cir. 2021) (statements about regulatory compliance were not material); *Liberty Tax*, 828 F. App'x at 751 (statements about compliance with applicable laws not material).

Lead Plaintiff also fails to adequately plead loss or transaction causation—the AC pleads no connection between the alleged misstatements and any purchases by putative class members or any supposed loss. The AC makes a conclusory allegation that Plaintiff and the Class purchased Azure equity shares at artificially inflated prices (AC ¶ 192), but contains no factual allegations regarding transaction or loss causation. The AC lacks any allegations connecting decreases in Azure's share price to supposed revelations of facts not previously disclosed. Lead Plaintiff's reliance on the timing of Azure's statements is too speculative to support the claims asserted.

### C. Lead Plaintiff Fails to Allege Scienter

Lead Plaintiff must "state with particularity facts giving rise to a strong inference" of scienter. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 127 S. Ct. 2499, 2501 (2007) (quoting 15 U.S.C. § 78u–4(b)(2)). The inference "must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* Lead Plaintiff does not point to any internal reports, audits, or other information that support the requisite inference that Defendants knew they were making false statements, nor are there any allegations that Defendants benefited in any way from the alleged misstatements. Lead Plaintiff fails to explain how Azure's ability to monitor plant performance at project sites in real time, visits to project cites, and resignations have any relationship to scienter.

Lead Plaintiff's allegation that Azure was motivated to inflate financials does not support a finding of scienter. "[T]he desire for the corporation to appear profitable and the desire to keep stock prices high to increase officer compensation do not suffice to establish a motive." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 317 (S.D.N.Y. 2021) (citations and quotation marks omitted). Indeed, the statements alleged to have been false show Azure's commitment to investigating whistleblower complaints and being transparent with investors and are, thus, inconsistent with scienter.

When considering whether there is a "strong inference" of scienter, the court should also consider any plausible opposing inference. *Tellab*, 127 S. Ct. at 2510. To do so, the court must consider the allegations of the AC as a whole. *See id.* at 2511. The AC shows that Azure's actions were inconsistent with scienter. For example, Plaintiff concedes that Azure was working closely with the SEC and DOJ (AC ¶ 90), and that Mr. Rosling told investors "we are coming forward to talk to appropriate authorities . . . the only thing we're focused on is doing the right thing. . ." (*id.* ¶ 145), but does not assert that the latter statement was false. This belies the existence of scienter.

Further, the AC's allegations about information supplied by "confidential local sources" do not meet this PSLRA's pleading standards. For a court to credit information from confidential sources, the sources must be described "with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 589 (S.D.N.Y. 2011); *Feasby v. Industri–Matematik Int'l Corp.*, 99 Civ. 8761, 2003 WL 22976327, at *4 (S.D.N.Y. Dec. 19, 2003) (discounting allegations of "former employees" because the complaint did not contain "any other information that would support an inference that the sources would possess the information attributed to them"). Additionally, confidential sources cannot "merely parrot [ ] … conclusory allegations contained in the complaint." *In re Sierra Wireless, Inc. Sec. Litig.*, 482 F.Supp.2d 365, 376 (S.D.N.Y.2007).

The AC's "confidential local source" allegations do not even try to meet these requirements. The introductory paragraph states that Plaintiff's allegations are based, in part, on her counsel's "interviews with sources familiar with the Company in an advisory capacity" (AC at 1), and none of the allegations attributed to "confidential local source[s]" contains any of the specific information the case law requires. (AC ¶¶ 62, 71, 76, 83, 184).

### D. Plaintiff's Allegations Are Non-Actionable Forward-Looking Statements

A party is not liable for forward-looking statements under Section 10(b) of the Exchange Act. 15 U.S.C. § 78u-5(c)(1). A forward-looking statement is a statement containing financial projections, a statement of plans or objectives for the future, and statements about future economic performance. § 78u-5(i)(1). Most of the statements addressed in the AC are forward-looking statements, including the outcomes of the whistleblower investigations and expected revenues or operating capacities of Azure's projects, and are accompanied by adequate cautionary warnings. They are therefore not actionable under Section 10(b) of the Exchange Act.

Defendants respectfully request a pre-trial conference for their anticipated motion to dismiss on the above-summarized grounds. Defendants are available for a conference at the Court's convenience.

Respectfully Submitted,

/s/ Douglas W. Henkin
Douglas W. Henkin

大成 DENTONS

**Douglas W. Henkin**

douglas.henkin@dentons.com
D  +1 212-768-6832

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

dentons.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2022, a copy of the foregoing was filed electronically via the ECF filing system.

/s/ Douglas W. Henkin
Douglas W. Henkin