

1111 Summer Street, Ste. 403
Stamford, CT 06905
T: 203-992-4523
F: 212-363-7171
www.zlk.com

**Shannon L. Hopkins**
shopkins@zlk.com

April 12, 2023

<u>VIA ECF</u>
The Honorable Gregory H. Woods
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re:     *Lokman v. Azure Power Global Limited et al.*, Case No. 1:22-cv-07432-GHW

Dear Judge Woods:

We write pursuant to Rule 2.E.i. of Your Honor's Individual Rules of Practice in Civil Cases in response to Defendants' April 7, 2023 letter requesting a pre-motion conference in anticipation of a proposed motion to dismiss lead plaintiff Serap Lokman's ("Plaintiff") First Amended Class Action Complaint ("AC").[1] Because the AC details all facts necessary to support claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, Plaintiff opposes such motion and submits this letter in response.

Azure, a self-described seller of renewable power in the Republic of India, purports to be at the forefront of developing and operating solar projects in India, which has committed to reaching 450 gigawatts of renewable energy by 2030. ¶¶2, 33. Billions in financing have poured into India to facilitate this transition, and such investment is expected to reach US $80 billion by 2026. ¶34. Azure's future viability is, thus, highly dependent on issuing low-cost bids for the construction of new renewable energy plants to obtain a larger market share than competitors and running its plants profitably. ¶¶43, 58-61, 189-91.

### A.  The Amended Complaint Sufficiently Pleads Materially False Statements

Plaintiff adequately alleges Defendants made material misstatements concerning Azure's revenue and key financial metrics, commissioning of Purchase-Power Agreements ("PPAs"), internal controls and safety protocols. In particular, Plaintiff alleges Azure's megawatts ("MWs") operating, a key metric the Company used to "measure …the growth rate of [its] business" (¶4), was  overstated during the Class Period because, *inter alia*, Defendants were falsifying financial records to make Azure appear more profitable (¶7), made corrupt payments to vendors (¶¶71, 73, 160-62), and the Company was experiencing undisclosed "shortfalls in generation" from not "timely commissioning" to full capacity under a PPA (¶¶9, 160). On January 25, 2023, Defendants admitted they falsely reported Azure's MWs operating throughout Fiscal 2022 and ***restated*** it downward to 2,666 MWs to "adjust[] for inconsistencies" arising from the "2022 whistleblower allegations." *Id.*; *see Fresno Cty. Emples. Ret. Ass'n v. comScore, Inc.*, 268 F.Supp.3d 526, 544-5, 549, 551 (S.D.N.Y. 2017) (restated financial results "sufficient basis for pleading that those statements were false when made" and material). Further, Defendants' representations that Azure timely commissioned PPAs were rendered false by the Company's shortfalls in generation. ¶¶64, 164.

Though Defendants represented "[s]afety is of paramount importance at Azure" and used certifications and

---

[1] "¶" or "¶¶" refers to paragraphs in Plaintiff's AC (ECF 46). All emphasis added unless otherwise specified.

awards to validate Azure's purported "**efforts we have put in to ensure safety culture is embedded across our project locations and sites**" so that Azure is a "safe and healthy workplace" (¶¶46-50, 104), Defendants later admitted that Azure had "deviations from safety and quality norms" throughout the Class Period that required Azure to strengthen those protocols across the Company's entire operation. ¶¶15, 134, 138; see *Bricklayers & Masons Local Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223, 243-44 (S.D.N.Y. 2012) (safety measures and compliance statements actionable). Defendants also falsely represented that Azure's internal controls were effective during the Class Period, but later admitted such controls had "several material weaknesses" that were so deficient the Company had to delay indefinitely, the filing of its Fiscal 2022 Form 20-F and was unable to quantify the impact from the data manipulation from Azure's lack of controls. ¶¶ 84, 97, 159-65; see also *Plumbers & Pipefitters Nat'l Pension Fund v. Davis*, 2020 WL 1877821, at *12 (S.D.N.Y. Apr. 14, 2020) (Woods, J.) (statement concerning internal controls were both false and material); *In re Grupo Televisa Sec. Litig.*, 368 F. Supp. 3d 711, 720-21 (S.D.N.Y. 2019) (same). Defendants' letter wholly ignores these well-pled allegations.[2]

### B. The Amended Complaint Sufficiently Pleads Scienter

The AC adequately alleges Defendants' motive to commit the alleged fraud and knowledge or recklessness disregard for the falsity of their statements. *Fresno Cty.*, 268 F.Supp.3d at 551. Prior to and throughout the Class Period, Azure was experiencing severe cash flow problems from cost overruns, as evidenced by consecutive years of losses (profit of INR 138 in 2019, to losses of INR 2.3m in 2020 and INR 4.2m in 2021). ¶¶62-64. The drain on cash flows necessitated Azure to massively increase debt by 40% to obtain the cash needed to fund operations and obtain financing for new contracts, which placed its long-term financial viability in question if it could not win new contracts and operate them profitably. *Id*. Indeed, an RBC Capital Markets analyst expressed concerns stating the "Delay in Form 20F filing **adds to uncertainty** and **raises going concern questions**[.]" ¶153. As Azure's future viability was dependent on winning new renewable energy contracts, Defendants were motivated to report inflated revenues and MWs operating and conceal safety violations and cost overruns from an undisclosed kickback scheme to win and obtain financing for such contracts. ¶¶189-91. Indeed, as Azure stated, its "reputation, track record, shareholder base, [and] governance framework help[ed] [it] secur[e] the best financing terms and aid[ed] [its] relationship with government authorities while developing, constructing and operating renewable energy projects." ¶¶60. This Court has found motive sufficiently alleged where, as here, a company's survival was dependent on misstating and concealing material information. See *Skiadas v. Acer Therapeutics, Inc., et. al.*, 2020 WL 3268495, at *11 (S.D.N.Y. June 16, 2020) (Woods, J.) ("But courts have found allegations of motive adequate where the company's needed to fundraise to survive. See, e.g., *Frater v. Hemispherx Biopharma, Inc.*, 996 F. Supp. 2d 335, 350 (E.D. Pa. 2014) (holding that a plaintiff adequately alleged scienter when the plaintiff alleged that a defendant was 'sufficiently short on cash at the time of the alleged misrepresentations that it could not afford to finance an additional clinical trial as the FDA had recommended, heightening its need for a lucrative stock sale')."

Second, the AC alleges ample evidence of Defendants' conscious misbehavior or recklessness, including, *inter alia*: (i) Defendants monitoring, through Azure's "centralized monitoring station[,]" plant performance for "all the projects in real time" (¶¶3, 51-54, 168-72), see *Galestan v. Onemain Holdings, Inc.*, 348 F. Supp. 3d 282,

---

[2] None of the AC's alleged misstatements are forward-looking. Rather, they are present or past looking and not subject to safe harbor protection. See e.g., ¶¶106-07 (reporting current MWs operating and revenue); (reporting MWs "commissioned"); ¶¶92-93 (validating implemented safety measures); ¶95 (reporting capacity of projects operated); ¶97 (internal controls effective at the end of the period); see also *City of Providence v. Aeropostale, Inc.*, 2013 WL 1197755, at *12-13 (S.D.N.Y. Mar. 25, 2013). Moreover, Defendants' risk disclosure regarding employee fraud was not meaningful and is, itself, misleading. *Id*. at *14 (risk disclosure is misleading where it "failed to warn investors that the risks were not hypothetical[.]").

301 (S.D.N.Y. 2018); (ii) Defendants "regularly review[ed]…key operating and financial metrics" such as, *inter alia*, revenue, electricity generation, **and total MWs operating** (¶¶54, 168-72), *see Guozhang Wang v. Cloopen Grp. Holding Ltd.*, 2023 WL 2534599, at *16 (S.D.N.Y. Mar. 16, 2023) (close monitoring of real-time key performance metrics is "strong circumstantial support for an inference" that changes were known to management); (iii) executive management regularly conducted plant visits, connecting with site employees to understand the workings on the ground (¶173-75); (iv) Defendants either knew or recklessly disregarded whistleblower reports raising safety violations, corruption, and deficient internal controls, *see Plumbers*, 2020 WL 1877821, at *13 (reports raising red flags about defendants' conduct supports scienter); (v) Defendants either informed themselves of the true state of Azure's internal controls prior to representing they were adequate in the 2021 Form 20-F, or recklessly disregarded that the controls were wholly deficient (¶¶181-82), *see In re Veeco Instruments, Inc., Sec. Litig.*, 235 F.R.D. 220, 232 (S.D.N.Y. 2006) ("failure to maintain sufficient internal controls to avoid fraud is sufficiently indicative of scienter."); (vi) an onslaught of "highly unusual and suspicious" resignations, including Azure's auditor (¶¶183-88), Defendants Ranjit Gupta (CEO) and Murali Subramanian (COO) (¶177), Director Arno Harris (¶178), and replacement CEO, Harsh Shah (¶179), *see In re Scottish Re Group Sec. Litig.*, 524 F. Supp. 2d 370, 394 n.176 (S.D.N.Y. 2007); *Hall v. The Children's Place Retail Stores, Inc.*, 580 F. Supp. 2d 212, 233 (S.D.N.Y. 2008) (resignations of CEO and auditor supported inference of scienter). Courts in district may credit confidential sources where, as here, other "independent factual allegations corroborate the source's statement[s]." *See In re Atlas Air Worldwide Holdings, Inc. Sec. Litig.*, 324 F. Supp. 2d 474, 493 n.10 (S.D.N.Y. 2004).[3]

### C. The Amended Complaint Adequately Alleges Loss Causation

The AC adequately alleges loss causation "by pointing to events[,]"—such as the April 26 disclosure of abrupt executive departures that occurred at the same time Azure received the then undisclosed whistleblower complaint revealing project data manipulation, corrupt payments and safety issues, the August 16 disclosure of an indefinite delay in the 2022 Form 20-F filing due to unquantifiable internal control problems and the August 29 disclosure of whistleblower reports—that directly and/or "constructively disclos[ed] the fraud." *See* ¶¶192-205; *see also Boston Ret. Sys. v. Alexion Pharms., Inc.*, 556 F. Supp. 3d 100, 139-41 (D. Conn. 2021); *DoubleLine Capital LP v. Construtora Norberto Odebrecht, S.A.*, 413 F. Supp. 3d 187, 213 (S.D.N.Y. 2019) (Woods, J.).

### D. Additional Matters for Consideration

The NYSE has granted Azure through July 15, 2023 to file its 2022 Form 20-F. At that time, Plaintiff intends to seek leave to amend the AC as he anticipates the 20-F will shed further light on the extent to which Azure's material projects were impacted by data manipulation, corruption, compliance issues, and deficient internal controls, as well as the financial impact of these findings. *See* ¶¶18, n.2, 130, 151, 162-66. Therefore, Plaintiff respectfully suggests a briefing schedule in line with the 20-F filing that minimizes the risk of successive motions to dismiss. Defendants Gupta and Subramanian have not appeared or answered by their respective deadlines. Plaintiff has initiated official service pursuant to the Hague Convention but has been advised it can take up to one year to complete official service.

---

[3] Defendants' contention that Azure's purported (and very belated) cooperation with the authorities cuts against scienter is belied by the fact they did not begin purportedly cooperating until nearly one year after receipt of the first whistleblower complaints and Azure had no choice due to the delayed the 20-F filing and admitted financial misstatements and lack of adequate controls.

LEVI&KORSINSKYLLP

Hon. Gregory H. Woods
April 12, 2023
Page 4 of 4

                                                Respectfully submitted,

                                                Shannon L. Hopkins
                                                LEVI & KORSINSKY, LLP
                                                *Attorneys for Plaintiff*

cc:      All counsel of record via ECF