

1111 Summer St., Suite 403
Stamford, CT 06905
T: 203-992-4523
F: 212-363-7171
www.zlk.com

Shannon L. Hopkins
shopkins@zlk.com

November 25, 2024

**VIA ECF**
The Honorable Gregory H. Woods
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Room 2260
New York, NY 10007

      Re:    *Lokman v. Azure Power Global Limited et al.*, Case No. 1:22-cv-07432-GHW (the "Action")

Dear Judge Woods:

We write on behalf of lead plaintiff Serap Lokman ("Plaintiff") to inform the Court that new facts material to this Action have been revealed in a recent criminal indictment filed by the U.S. Department of Justice ("DOJ") and in two complaints filed by the U.S. Securities and Exchange Commission ("SEC"). The DOJ and SEC actions implicate a former member of the Azure Power Global Limited ("Azure") board of directors and certain of Azure's former officers who are named defendants in this Action and assert similar facts concerning the alleged bribery and kickback scheme alleged in the Second Amended Class Action Complaint ("SAC"). ECF 80.

The Parties are scheduled to participate in a mediation on December 4, 2024 to try and resolve the claims asserted in this Action. If the mediation is unsuccessful, Plaintiff intends to seek leave of Court to amend or supplement the SAC with facts from the DOJ and SEC pleadings. Accordingly, in the interest of judicial economy, Plaintiff respectfully requests that the Court defer any ruling on Defendants' pending motions to dismiss and permit Plaintiff to file a status update within one week after the mediation informing the Court of the outcome of the mediation and whether Plaintiff intends to seek leave to amend or supplement the SAC.

1. **Procedural History**

Plaintiff filed the SAC on November 9, 2023 (ECF 80), which all Defendants moved to dismiss on March 22, 2024. ECFs 102-107. Plaintiff opposed Defendants' motions on May 6, 2024. ECF 108. Thus, Defendants' motions to dismiss are fully briefed.



2.  **New Facts Revealed in the DOJ Indictment and SEC Complaints Justify Amendment to the Pleadings**

On November 20, 2024, the DOJ announced proceedings implicating defendants Azure, Gupta, and Subramanian, as well as other related parties, for their participation in a years-long corruption and bribery scheme nearly identical to that alleged in the SAC.[1] In connection with the announcement, prosecutors unsealed an indictment dated October 24, 2024 in the Eastern District of New York in the case *United States of America v. Adani et al.* 24-CR-433 (E.D.N.Y.) ECF 1 (the "Indictment").[2] The Indictment charges defendant Gupta, among others, with violations of Conspiracy to Violate the Foreign Corrupt Practices Act  (Indictment ¶¶124-126), and directly or indirectly references additional Azure executives and directors. Indictment  ¶¶12-17. Simultaneously, the SEC filed two parallel actions based on similar misconduct as that asserted in the indictment,[3] one of which (the Cabanes Complaint) alleges misconduct against an outside Azure director.

The SAC asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and alleges that, throughout the Class Period (June 15, 2021 and July 13, 2023), Azure, a seller of renewable power in the Republic of India, and certain of its executive officers, engaged in a bribery and kickback scheme to win new renewable energy projects, while falsely telling investors that Azure was in compliance with anti-corruption and bribery laws and had adequate controls in place to prevent violations of those laws. SAC, ¶¶108-56. The SAC further alleges that the defendants overstated revenue and key financial metrics associated with the projects, among other misstatements. *Id.*

Thus, as the Indictment and SEC Complaints implicate the same misconduct alleged in the SAC against many of the same parties, amendment is proper because it would bolster Plaintiff's claims by providing additional particularity. For example, the new facts from the DOJ and SEC identify the names of the executives involved in the ongoing bribery scheme, provide additional detail about how the bribery scheme operated, identify the specific period of the bribery scheme (*e.g.*, December 2019 to 2023), quantify the amount of bribes paid and identify the specific projects secured by corrupt means. They also bolster Plaintiff's scienter allegations by confirming the Azure executives were *personally* involved in the corrupt conduct. *See In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2020 U.S. Dist. LEXIS 98830, at *10-11 (D.N.J. June 5, 2020) (criminal indictment of defendants included new facts material to plaintiff's 10b-5 claim and justified an amended complaint). Moreover, allegations in a criminal indictment are properly considered on a motion to dismiss a 10b-5 action for securities fraud. *See City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*, 587 F. Supp. 3d 56, 76 (S.D.N.Y. 2022) ("The Indictment is […] properly considered on this motion to dismiss."); *In re Livent, Inc. Sec. Litig.*, 78 F. Supp

---

[1] *See, e.g.* https://www.justice.gov/usao-edny/pr/billionaire-chairman-conglomerate-and-seven-other-senior-business-executives-indicted and https://www.sec.gov/newsroom/press-releases/2024-181

[2] The Indictment is attached hereto as Exhibit A. "Indictment ¶_" refers to paragraphs therein.

[3]  The SEC Complaint in *SEC v. Adani, et. al.*, 1:24 Civ. 8080 (E.D.N.Y.) is attached hereto as Exhibit B and the SEC complaint in *SEC v. Cyril Sebastien Dominique Cabanes*, 1:24-cv-08081 (E.D.N.Y.) ("Cabanes Complaint") is attached hereto as Exhibit C.



2d 194, 218 n.6 (S.D.N.Y. 1999) (relying upon materials in a criminal indictment and SEC complaint when denying a motion to dismiss a 10b-5 claim).

* * *

For the reasons set forth above, Plaintiff respectfully requests that the Court defer ruling on the pending motions to dismiss until the Parties mediate the claims asserted in the SAC and Plaintiff submits a subsequent status update no later than December 13, 2024.

Respectfully submitted,

Shannon L. Hopkins

LEVI & KORSINSKY LLP

*Attorneys for Plaintiff and the putative Class*

cc:     All counsel of record via ECF