**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERAP LOKMAN, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:22-cv-7432-GHW |
| Plaintiff, | Hon. Gregory H. Woods |
| v. | |
| AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, MURALI SUBRAMANIAN, and PAWAN KUMAR AGRAWAL, | **CLASS ACTION** |
| Defendants. | |

**DECLARATION OF SHANNON L. HOPKINS IN SUPPORT OF LEAD PLAINTIFF'S**
**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

I, Shannon L. Hopkins, declare as follows:

1.      I am an attorney licensed to practice law in the State of New York and before this Court.  I am a partner with the law firm of Levi & Korsinsky, LLP ("Levi & Korsinsky"), counsel for Lead Plaintiff Serap Lokman and proposed class counsel, in the above-captioned Action.  I am over 18 years of age, have personal knowledge of the facts stated herein, or they are known to me in my capacity as the attorney at Levi & Korsinsky overseeing this Action, and if called upon, I could and would competently testify thereto.[1]

2.      I respectfully submit this declaration in support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, filed concurrently herewith pursuant to Federal Rule of Civil Procedure 23(e) (the "Motion"), seeking: (i) preliminary approval of the proposed Settlement as set forth in the Stipulation; (ii) preliminary certification

---

[1] Unless otherwise defined herein, all capitalized terms herein have the same meanings as set forth in the Stipulation and Agreement of Settlement dated April 11, 2025 (the "Stipulation"), filed concurrently herewith.

of the proposed Settlement Class for settlement purposes only, and appointing Lead Plaintiff as class representative and Lead Counsel as class counsel; (iii) preliminary approval of the form and manner of providing Notice of the Settlement to Settlement Class Members; and (iv) a hearing date for the Court to consider: (a) final approval of the Settlement, (b) approval of the proposed Plan of Allocation; and (c) Lead Counsel's application for an award of attorneys' fees and expenses and Lead Plaintiff's request for a service award.

### A.     History and Negotiation of the Settlement

3.     According to Azure's public filings, during the Settlement Class Period, Azure was a power producer and solar energy provider headquartered in New Delhi, India, whose shares were listed for U.S. trading on the New York Stock Exchange ("NYSE"). Azure derives revenue from the sale of power to customers in several regions in India, including central and state government utilities.  In 2019, after Azure's original founder stepped down, Defendants Gupta and Subramanian became Azure's CEO and COO, respectively, and Defendant Agrawal became CFO, to form a new leadership team.  *See* Second Amended Class Action Complaint ("SAC"), ECF No. 80, at ¶¶17-19, 58.

4.     In the SAC, Lead Plaintiff alleges that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") by making materially false and misleading statements and failing to disclose material facts in Azure's filings with the U.S. Securities and Exchange Commission ("SEC"), including annual reports on SEC Form 20-F, and other public statements. In particular, Lead Plaintiff alleges that Defendants made materially false and misleading statements concerning Azure's claimed compliance with anti-corruption and anti-bribery laws, winning of project bids, commissioning of projects, and certain related operating metrics, when certain of these bids and projects were won by, and fraught with, corruption and other infirmities. Lead Plaintiff alleges these improprieties later caused a delay in filing Azure's SEC filings, the departures of Defendants Gupta and Subramanian, resignation of its auditors, delisting of Azure equity shares from trading on the NYSE, and substantial damages to investors

who had acquired Azure equity shares at artificially inflated prices due to the misrepresentation and omission of these facts.  *Id.* at ¶¶107-56.

5.      On August 30, 2022, an initial class action complaint was filed in the United States District Court for the Southern District of New York, asserting claims under the federal securities laws against Azure and certain of its officers and directors.  ECF No. 1.

6.      On December 8, 2022, the Court appointed Serap Lokman as Lead Plaintiff.  ECF No. 38. On February 21, 2023, after extensive further investigation, Lead Plaintiff filed her First Amended Class Action Complaint, alleging claims for violations of Sections 10(b) and 20(a) of the Exchange Act.  ECF No. 46.

7.      On April 7, 2023, pursuant to this Court's Rules of Individual Practice, Defendants filed a letter requesting a conference in advance of their anticipated motions to dismiss the First Amended Class Action Complaint and setting forth the bases of their anticipated motions (ECF No. 58), and on April 12, 2023, Plaintiff submitted her letter in response thereto. ECF No. 60. The premotion conference was held April 17, 2023.  *See* ECF No. 61. At that conference, in light of recent developments at Azure, including the delayed filing of Azure's 2022 annual report on Form 20-F which was pertinent to Lead Plaintiff's allegations, the Court directed that the parties report by July 31, 2023, after the anticipated filing of Azure's 2022 Form 20-F on July 15, 2023 (the NYSE's filing deadline), as to the parties' proposed schedule for the filing of a contemplated second amended complaint.  *Id*.

8.      On July 31, 2023, Lead Plaintiff notified the Court, *inter alia*, that (i) Azure had been unable to file its annual report on Form 20-F on July 15, 2023, (ii) Azure's external auditor had resigned on July 10, 2023, and (iii) Azure would be unable to file its Form 20-F for at least an additional 14 weeks.  ECF No. 63.  On August 1, 2023, the Court directed Lead Plaintiff to file her SAC within 28 days after Azure filed its 2022 Form 20-F.  ECF No. 64. On October 27, 2023, Lead Plaintiff notified the Court that Azure had filed its 2022 Form 20-F on October 12, 2023, and the next day, the Court ordered that Lead Plaintiff file her SAC on November 9, 2023, and set a schedule for Defendants' renewed pre-motion conference letter in anticipation of their

motion to dismiss, and Lead Plaintiff's opposition thereto.  ECF Nos. 76-77.  Azure shares were delisted from the NYSE on November 13, 2023 for failure to meet filing deadlines. *See* Azure press release filed on Form 6-K filed with the SEC on November 1, 2023. (Available at https://www.sec.gov/Archives/edgar/data/1633438/000095017023057097/azre-ex99_1.htm.)

9.      In October 2023, Lead Plaintiff submitted requests under the Freedom of Information Act to the U.S. Department of Justice ("DOJ") and the SEC related to the allegations in this Action.

10.      On November 9, 2023, Lead Plaintiff filed her SAC, alleging claims against defendants Azure, Gupta, Subramanian and Agrawal.  ECF No. 80.  On January 5, 2024, Defendants filed their pre-motion conference letters in anticipation of their motions to dismiss the SAC, Lead Plaintiff filed her opposition thereto on January 18, 2024, and on February 6, 2024, the Court held its pre-motion conference at which it permitted Defendants to file their motions to dismiss the SAC and set a briefing schedule thereon. ECF Nos. 88-91, 96, 99.

11.      On March 22, 2024, Defendants filed two separate motions to dismiss the SAC and extensive supporting papers. ECF Nos. 102-07. On May 6, 2024, Lead Plaintiff filed her omnibus opposition thereto, and on May 28, 2024, Defendants filed their separate replies. ECF Nos. 108-10.

12.      During September 2024, the parties began discussing the possibility of mediation to resolve this Action, over the course of several phone calls and other communications spanning several weeks.  In connection therewith, Defendants produced to Lead Plaintiff certain limited documents, including financial and insurance documents.  Lead Plaintiff also consulted with experts on damages and causation.  After multiple communications, it was apparent the parties were far apart and would need the assistance of a skilled mediator to resolve this Action. The parties therefore agreed to hold a mediation before highly experienced mediator Michelle Yoshida, Esq. of Phillips ADR Enterprises (the "Mediator"), on December 4, 2024.

13.      Prior to the mediation, on November 20, 2024, the DOJ announced proceedings implicating Defendants Azure, Gupta and Subramanian, as well as certain related parties, for

alleged corruption and bribery, and unsealed an indictment. The indictment, *inter alia*, charged defendant Gupta, among others, with violations of Conspiracy to Violate the Foreign Corrupt Practices Act (the "Indictment"). Simultaneously, the SEC filed two parallel actions based on conduct similar to that asserted in the Indictment, one of which alleged bribery-related misconduct against an outside Azure director, Cyril Cabanes, who had served on Azure's board as a representative of the Company's largest stockholder, Caisse de dépôt et placement du Québec ("CDPQ"). Lead Plaintiff informed the Court of these developments in a November 25, 2024 letter, asserting that the conduct and circumstances alleged in the DOJ Indictment and SEC complaints were relevant and related to the facts and circumstances alleged in the Complaint. *See* ECF No. 114 and Exs. A-C thereto.

14.    Both parties submitted extensive materials to the Mediator in advance of the mediation, including the Indictment and SEC complaints. *Id.*

15.    The December 4, 2024 full-day mediation session was unsuccessful in resolving the Action, but the parties continued discussions with the assistance of the Mediator over the following weeks. Negotiations were made particularly difficult due to Azure's insurance carriers' disclaimers of insurance coverage, Azure's financial position, and Azure's delisting from the New York Stock Exchange which adversely affected its access to international capital markets. However, on January 6, 2025, the parties finally agreed in principle to settle the Action, and on January 10, 2025 executed a Term Sheet memorializing the Settlement Amount and other key terms. The parties spent the next several weeks negotiating the detailed terms of the Stipulation which (together with the exhibits thereto) reflects the final and binding agreement between the parties, subject to the Court's approval.[2]

---

[2] As part of the proposed Settlement, the Settlement Class Period was extended to begin on January 1, 2020, to reflect that new information came to light as a result of the Indictment and parallel SEC actions indicating that Azure's statements predating the class period contained in the SAC may have been false and misleading when made. It was also extended to end on November 20, 2024, to reflect that Defendants' statements continued to omit material information that came to light only with the revelations of November 20, 2024. Additionally, the proposed Settlement Class excludes major Azure shareholders

B.    **Standing and Experience of Counsel**

16.    Attached as Exhibit 1 hereto is a true and correct copy of the Firm Resume of Levi & Korsinsky.

17.    As reflected in its Firm Resume, Levi & Korsinsky is highly experienced in the field of securities class action litigation. The firm has obtained numerous significant settlements in federal courts around the country and currently serves as lead counsel in numerous matters. Levi & Korsinsky's recent successes and representations include *In re QuantumScape Securities Class Action Litigation*, Case No. 3:21-cv-00058-WHO (N.D. Cal.) ($47.5 million cash recovery); *In re U.S. Steel Consolidated Cases*, Case No. 17-559-CB (W.D. Pa.) ($40 million cash recovery); and *In re Nutanix, Inc. Securities Litigation*, Case No. 3:19-cv-01651-WHO (N.D. Cal.) (represented options subclass in connection with $71 million settlement).

18.    Since the inception of this litigation, Levi & Korsinsky has vigorously prosecuted this Action for the benefit of Lead Plaintiff and the Settlement Class, including (i) conducting a thorough investigation relating to the claims, defenses, and underlying events and transactions (most of which occurred in India) that are the subject of the Action, and which entailed interviews with former Azure employees; (ii) drafting two detailed amended complaints and preparing a third amended complaint at the time Settlement was reached; (iii) effecting service on Defendants based in India, (iv) preparing detailed responsive submissions to Defendants' separate motions to dismiss and premotion letters; (v) propounding FOIA requests; (vi) reviewing and analyzing Azure's public filings, the above-mentioned DOJ Indictment and SEC complaints, and publicly available information concerning those investigations and governmental action, as well as the reports of securities and financial analysts about Azure, and other commentary and analysis concerning Azure and the industry in which it operates – and the applicable law governing the claims and potential defenses.  Levi & Korsinsky also consulted with experts on damages and

---

CDPQ and Ontario Municipal Employees Retirement System ("OMERS"), whose nominees served on Azure's Board of Directors and certain of their affiliates during the relevant time period.

causation, among other issues, participated in extensive mediation preparation and complex negotiations before the Mediator, and ultimately achieved the proposed Settlement under difficult conditions, where Azure had been delisted and faced financial challenges, and its insurance carriers had disclaimed coverage.

19.    Lead Plaintiff and Lead Counsel were well-informed about the strengths and weaknesses of the Action, enabling them to appropriately consider the terms of the Settlement, the risks associated with continued litigation, and ultimately, the Settlement's fairness, reasonableness, and adequacy.

**C.    Retention of Angeion Group and Proposed Notice Program**

20.    In connection with the motion for preliminary approval of the Settlement, Lead Counsel request that the Court approve the retention of Angeion Group, LLC ("Angeion"), an independent settlement and claims administrator with extensive experience handling the administration of securities class actions, to provide notice and claims administration services in the Action under the supervision of Lead Counsel. These services will include disseminating notice of the Settlement to potential Settlement Class Members, maintaining the Settlement Website, receiving requests for exclusion from the Settlement Class, receiving and processing of Claim Forms, calculating payment amounts for eligible Claimants under the Court-approved Plan of Allocation, distributing payments to eligible Claimants, and responding to Settlement Class Member inquiries. The claims administration process for distribution of the Settlement Amount will proceed in the manner typical in securities class action settlements.

21.    Attached hereto as Exhibit 4 is the Declaration of Brett Wilmot on behalf of Angeion, which includes further details pertaining to Angeion's experience and the proposed Notice program. As described therein, Angeion has successfully administered numerous complex securities class action settlements in courts throughout the country.

22.    As for the Notice program, in summary, pursuant to the Stipulation, Defendants or their counsel shall provide, or cause to be provided, to Settlement Class Counsel or the Claims Administrator, no later than ten (10) business days after the Court enters the Preliminary Approval

Order, lists of Azure's shareholders of record during the Settlement Class Period, in electronic format, such as Excel, obtained from Azure or its stock transfer agent.  Individual notification will be made via email (if available) or mail in the form of the Postcard Notice in order to save costs. Those Postcard Notices will be sent within 15 business days after entry of the Preliminary Approval Order to all Settlement Class Members who can be identified with reasonable effort. In addition, the Summary Notice will be published electronically twice over *PR Newswire* or a similar widely circulated national wire service within 10 calendar days after the Notice Date.

23.    Additional copies of the Notice will be available to nominee holders such as brokerage firms that held Azure equity securities during the Settlement Class Period. Those nominee holders will be requested to forward copies of the Notice to all beneficial owners of such shares, or, alternatively, to provide Angeion with a list of the names and addresses of such beneficial holders so that Angeion can mail the Postcard Notice to those beneficial owners directly. Further, Angeion will create and maintain a Settlement Website where Settlement Class Members can locate further information regarding the Settlement, view and download the Long Notice and the Claim Form, and be advised of pertinent deadlines. *See also* Exhibit 4, ¶¶19-25, 27-30; Exhibit 1-A-1 (Notice) to Stipulation, filed herewith.

24.    Lead Counsel selected Angeion after a "request for proposal" process in which Lead Counsel solicited proposals for notice and administration services from four experienced settlement administration firms. Angeion's proposed fees and cost structures resulted in the lowest estimated total cost of the four bids received, considering all relevant factors. In addition, based on prior experience, Lead Counsel believe Angeion possesses the requisite experience and capacity to perform its duties reliably and competently. Accordingly, Lead Counsel have selected Angeion to serve as Claims Administrator for this engagement, subject to the Court's approval.

**D**.      **Retention of Forensic Economics, Inc. and Calculation of Recognized Losses**

25.      In connection with the Settlement, Lead Counsel retained Forensic Economics, Inc. in order to prepare the Settlement Class damages analyses, and to work on the Plan of Allocation.

26.      Attached hereto as Exhibit 2 is the Declaration of Kenneth N. Kotz of Forensic Economics, Inc. describing and explaining the calculation(s) of Recognized Losses and the damages estimate in this case.

27.      As set forth in Mr. Kotz's Declaration, the amount of the proposed Settlement is well within the range of reasonableness, and substantially exceeds the median settlement amount in securities class actions settling in 2024 and over the last ten years.

28.      Attached as Exhibit 3 hereto is a true and correct copy of a report with data on securities class action settlements issued by National Economic Research Associates ("NERA"), Edward Flores and Svetlana Starykh, Recent Trends in Securities Class Action Litigation, 2024 Full-Year Review (NERA Jan. 22, 2025).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 14, 2025 at Stamford, Connecticut.


　　　　　　　　　　　　　　　　 _/s/ Shannon L. Hopkins_____
　　　　　　　　　　　　　　　　　　Shannon L. Hopkins