# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SERAP LOKMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, MURALI SUBRAMANIAN, and PAWAN KUMAR AGRAWAL,<br><br>      Defendants. | Case No. 1:22-cv-7432-GHW<br><br><br>Hon. Gregory H. Woods |

**DECLARATION OF KENNETH N. KOTZ**

I, Kenneth N. Kotz, declare as follows:

1.      I was retained by Levi & Korsinsky, LLP ("Lead Counsel") on behalf of Lead Plaintiff in this matter to provide calculations of aggregate damages under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") incurred by investors who purchased or otherwise acquired the equity shares of Azure Power Global Limited ("Azure" or the "Company") under certain assumptions, including the relevant time period for such purchases.  After the parties reached the proposed Settlement, based on my prior work in this matter, I was also asked to assist Lead Counsel in developing a fair and equitable Proposed Plan of Allocation[1] to allocate the Settlement proceeds among the Settlement Class Members.  The Proposed Plan of Allocation is based on analyses performed in consultation with Lead Counsel regarding the allegations and the scope of the settled claims for purchasers of Azure equity shares during the period January 1, 2020 through November 20, 2024, inclusive (the "Settlement Class Period").[2]  I first provide my qualifications, compensation, and materials reviewed.

### QUALIFICATIONS, COMPENSATION, AND MATERIALS REVIEWED

2.      I am Chief Operating Officer and a Vice President of Forensic Economics, Inc. ("Forensic Economics"), located in Rochester, New York.  I have been employed by Forensic Economics since 1999.  I have consulted on issues pertaining to financial valuations, financial-economic analysis, and the analysis of stock price reactions to public information in numerous securities fraud lawsuits during this time period.  Forensic Economics has been retained by both plaintiffs and defendants in such securities cases.

---

[1] The Proposed Plan of Allocation is contained in the Notice of Pendency of Class Action and Proposed Settlement, Settlement Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Long Form Notice"), pp. 15-19, which I understand is being concurrently submitted.

[2] *See* Long Form Notice, p. 1.

1

3.      I hold an M.S. in Applied Economics (1999) from the University of Rochester's William E. Simon Graduate School of Business Administration.  I hold an M.B.A. in Finance (1996) from the Loyola University Chicago Graduate School of Business, where I also received an Outstanding Student award.  I have co-taught a corporate finance class and served as a teaching assistant at the University of Rochester.  I have also served as a research assistant to the finance faculty of the Loyola University Chicago Graduate School of Business.  I was awarded the CFA® Charter and the right to use the Chartered Financial Analyst® designation as authorized by the CFA Institute in 2006.  My resume is attached to this Declaration as Exhibit 1.

4.      My compensation is based on the number of hours worked plus out-of-pocket expenses.  Forensic Economics is compensated at an hourly rate of $550 for my work on this Declaration.  My compensation is not contingent on an action or event resulting from the analyses, opinions, or conclusions in, or the use of, this Declaration.  I was assisted by employees of Forensic Economics, who worked under my supervision and direction in connection with this assignment.  Forensic Economics' hourly rates for employees range from $200 to $750.

5.      For this Declaration, I relied on assumptions provided by Lead Counsel, as well as data regarding Azure equity shares and the S&P 500 Index obtained from Bloomberg L.P. ("Bloomberg").[3]  Bloomberg is a widely-used and well-known source for obtaining security prices and other financial data and information.  To the best of my knowledge, the data reflected in the tables to the Proposed Plan of Allocation are accurate.  I also cite in the text of this Declaration specific documents which I relied on in preparing this Declaration.

---

[3] Additional data for the calculation of aggregate damages was obtained from LSEG Data Analytics and S&P Capital IQ, both widely-used and well-known sources for financial data and information, and Azure SEC filings.

**PROPOSED PLAN OF ALLOCATION**

6.      It is my understanding from a review of the Second Amended Class Action Complaint in this matter (the "Complaint"),[4] the Long Form Notice, and consultation with Lead Counsel, that Lead Plaintiff alleges that Defendants made false and misleading statements and failed to disclose material facts regarding "Azure's claimed compliance with anti-corruption and anti-bribery laws, winning of project bids, commissioning of projects, and certain related operating metrics, when certain of these bids and projects were won by, and fraught with, corruption and other infirmities."[5]  Further, "these improprieties later caused the delay in filing of Azure's SEC filings, the departures of Defendants Gupta and Subramanian, resignation of its auditors, [and] delisting of Azure equity shares from trading on the NYSE."[6]  The alleged misstatements and/or omissions asserted in the Complaint, or that could have been asserted in a subsequently amended complaint, caused Azure's equity shares to be artificially inflated from January 16, 2020 through July 13, 2023[7] (the "Inflation Period").[8]  In addition, the Proposed Plan of Allocation includes potential recoveries for the release of claims for additional purchasers over two time periods that

---

[4] ECF 80, filed November 9, 2023.

[5] *See* summary provided in the Long Form Notice, p. 5.

[6] *Id.*, p. 5.

[7] I note that there were no trading prices for Azure on Thursday, July 13, 2023, as trading was halted (*see, e.g.*, "*Azure Power Global Ltd. (AZRE) Halted due to news pending," Dow Jones Institutional News Feed, July 13, 2023, 8:57 am).  The NYSE suspended trading in Azure's equity shares and it began trading on the OTC US market on July 14, 2023. Sources: Bloomberg; "NYSE to Commence Delisting Proceedings Against Azure Power Global Limited," NYSE news release, July 13, 2023 (available at https://ir.theice.com/press/news-details/2023/NYSE-to-Commence-Delisting-Proceedings-Against-Azure-Power-Global-Limited-AZRE/default.aspx).

[8] The Complaint alleges a class period of June 15, 2021 through July 13, 2023.  It is my understanding that subsequent to the Complaint being filed, Lead Plaintiff alleges misrepresentations and/or omissions affecting Azure's equity share price beginning as of January 16, 2020.

3

fall outside the Inflation Period: (i) January 1, 2020 through January 15, 2020; and (ii) July 14, 2023 through November 20, 2024.  It is my understanding that, based on Lead Counsel's judgment, these additional potential recoveries are adjusted significantly because they fall outside the Inflation Period, *i.e.*, the primary period of time that Lead Plaintiff has alleged Azure's equity shares were inflated.

7.      Artificial inflation for Azure equity shares over the Inflation Period was measured based on the stock price declines on certain corrective disclosure dates provided by Lead Counsel for which artificial inflation was assumed to be removed.[9]  To measure the artificial inflation removed from Azure's stock price, a "market model" was employed to remove market-wide factors from Azure's stock price returns.[10]

---

[9] The Complaint lists the following corrective information being released (¶¶157-187): April 26, 2022 (Azure's announcement of the resignations of its CEO and COO, Defendants Gupta and Subramanian); August 16, 2022 (Azure's filing of Amended SEC Form 12b-25 Notification of Late Filing, notifying that Azure would be unable to file its 2022 20-F by the extended due date and disclosing that issues with internal controls would not allow Azure to provide a date for the 20-F filing); August 29, 2022 (Azure's press releases announcing another CEO resignation, a second whistleblower complaint, and further delays in its 20-F filing for 2022), including follow on analyst reports and Azure's statements in a "Special Call" with investors on August 31, 2022; and July 13, 2023 (revealing the resignation of Azure's auditors, a further delay in the filing of Azure's 2022 20-F and all but certain delisting).

[10] A "market model" is the statistical component of the widely used event study methodology that financial economists employ to examine the price reaction of a security to an event.  *See*, *e.g.*, Kevin L. Gold, Eric Korman, and Ahmer Nabi, "Federal Securities Acts and Areas of Expert Analysis," chapter 27 in Litigation Services Handbook, The Role of the Financial Expert, Sixth Edition, Wiley, 2017 at 27.18-21.  The market model allows for the prediction of a security's return given movements in the general market and, perhaps, industry.  Given this prediction, an "excess" (or "residual" or "abnormal") return can be calculated that provides the security's return after accounting for market and, perhaps, industry effects.  In addition, statistical tests can be implemented to determine whether the excess return is different from zero at a chosen level of statistical significance.  I note that under the market model, the stock price declines on 8/29/2022, 8/30/2022, 8/31/2022, and 7/14/2023 were all statistically significant at the 99% confidence level, while the stock price decline on 4/26/2022 was significant at the 93% confidence level (96% for a 1-sided test) and the decline on 8/16/2022 was significant at the 87% confidence level (93% for a 1-sided test).  For the purposes of the Proposed Plan of Allocation, all of these stock price declines

8.      The returns and the excess price changes[11] on the price reaction dates for the corrective disclosures are provided in the following table.

| Date | Azure Return | Market Return | Excess Return | Excess Price Change |
|------|------|------|------|------|
| 4/26/2022 | -11.8% | -2.8% | -8.1% | ($1.18) |
| 8/16/2022 | -8.2% | +0.2% | -8.4% | ($1.03) |
| 8/29/2022 | -44.1% | -0.7% | -43.4% | ($4.53) |
| 8/30/2022 | -26.3% | -1.1% | -25.1% | ($1.47) |
| 8/31/2022 | -16.7% | -0.8% | -15.9% | ($0.68) |
| 7/14/2023 | -79.9% | +0.8% | -79.7% | ($1.35) |

9.      During the Inflation Period, artificial inflation is calculated by working backwards from the last corrective disclosure on July 14, 2023, and adding the excess price changes (shown in the table above) as they occur (*i.e.*, adding back the inflation that is removed). For example, to start, artificial inflation is $0 on July 14, 2023, and then, working backwards, on July 13, 2023, artificial inflation is $1.35 based on the sum of $0 and the excess price change of negative $1.35 (with $1.35 being the artificial inflation removed from the stock on July 14, 2023). Working backwards yields the artificial inflation as shown in Table 1 of the Proposed Plan of Allocation.

---

(after removing market effects) were used in estimating artificial inflation.

Here, the S&P 500 Total Return Index was used as a proxy for the market index and no industry index was implemented at this stage in the analysis. I note that, in its 20-F filings, Azure listed six "renewable energy developers" as "primary competitors," but only one traded in the U.S. for a portion of the Settlement Class Period herein (ReNew Power Limited, whose acquisition by a SPAC was announced on February 24, 2021 and completed on August 24, 2021). A second company traded on Indian stock markets (Adani Green Energy), while the other four appear to be private companies (Tata Power Solar Systems Limited, Softbank Energy, O2 Power private Limited, and ACME Cleantech Solutions Private Limited). Sources: Bloomberg; Azure Form 20-F filed with the SEC on June 19, 2020 at p. 53 (listing ReNew Power Ltd., Tata Power Solar Systems Ltd., Adani Green Energy, and ACME Cleantech Solutions Private Ltd.); Azure Form 20-F filed with the SEC on July 28, 2021, p. 62 (listing all six competitors); and no competitors were named in Azure's 20-Fs filed with the SEC on October 12, 2023 and March 28, 2024.

[11] The excess price change is equal to the excess return multiplied by the prior day's closing stock price.

10.     The Proposed Plan of Allocation utilizes the timing of purchases and sales (based on matching purchases with subsequent sales using the first-in-first-out share matching methodology) to determine a Recognized Loss per Share.[12]

11.     For shares purchased in the Inflation Period, the Recognized Loss per Share is based on the artificial inflation at purchase less the artificial inflation at sale (if any).  In addition, the Recognized Loss per Share is further limited, as applicable, by the claimant's market loss on the transaction and the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), which proscribes a 90-day "lookback" period.[13]

12.     Thus, for shares purchased in the Inflation Period, the Recognized Loss per Share is further limited to (but not less than zero): (i) the purchase price less the sales price if such share was sold prior to the end of the 90-day lookback period; (ii) the purchase price less the rolling average closing price (as provided in Table 2 of the Proposed Plan of Allocation) on the date of sale if such share was sold during the 90-day lookback period; and (iii) the purchase price less $0.52[14] if such share was not sold as of the end of the 90-day lookback period.

13.     In addition to shares purchased in the Inflation Period, the Proposed Plan of Allocation includes a formula for calculating the Recognized Loss per Share for shares purchased

---

[12] Short sales and matching covering purchases for such short sales have no Recognized Losses under the Proposed Plan of Allocation.  *See* Long Form Notice, p. 19.

[13] Pursuant to 15 U.S.C. §78u-4(e), "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." For the purposes of the Proposed Plan of Allocation, the 90-day lookback period is deemed to be July 14, 2023 through October 11, 2023.

[14] $0.52 is the average closing price over the 90-day lookback period.

in the following two periods that fall outside the Inflation Period: (i) January 1, 2020 through January 15, 2020; and (ii) July 14, 2023 through November 20, 2024.

14. For shares purchased from January 1, 2020 through January 15, 2020, the Recognized Loss per Share is calculated similarly to shares purchased during the Inflation Period under the assumption that the artificial inflation estimated on January 16, 2020 also existed from January 1, 2020 to January 15, 2020. However, based on Lead Counsel's judgment that establishing liability for Defendants' alleged misrepresentations or omissions before January 16, 2020 would be difficult, the Recognized Loss per Share is calculated by multiplying the result by 10%, or 0.1 (*i.e.*, applying a 90% discount).

15. For shares purchased from July 14, 2023 through November 20, 2024, and based on Lead Counsel's judgment that establishing liability over this period would be difficult as, notwithstanding the announcement of certain indictments, much of the adverse news related to the Complaint's allegations was available to the market already, the Recognized Loss per Share is calculated only for those shares still held on November 20, 2024, and is equal to 10% (again applying a 90% discount) of the difference of the purchase price less $0.75 (the closing stock price of Azure on November 21, 2024).

### CONCLUSION REGARDING THE PROPOSED PLAN OF ALLOCATION

16. The Proposed Plan of Allocation describes the method of calculating each claimant's Recognized Loss for each Azure equity share purchased or otherwise acquired during the Settlement Class Period, as well as their *pro rata* share of the Net Settlement Fund. The method for calculating each claimant's Recognized Loss per equity share under the Proposed Plan of Allocation is consistent with the method for calculating per share damages described above. Thus, in my opinion and based on my experience, education and training, including over 20 years of

consulting on securities litigation matters, as well as consultation with Lead Counsel, the Proposed Plan of Allocation provides an equitable and reasonable method for calculating a claimant's Recognized Loss per equity share and distributing the Net Settlement Fund among claimants who suffered economic losses as a result of the alleged misrepresentations and/or omissions.

## AGGREGATE CLASS-WIDE DAMAGES

17.     I calculated aggregate class-wide damages using the methodology and formulas for calculating claimants' Recognized Losses provided in the Proposed Plan of Allocation in order to estimate the potential number of damaged shares that are necessary to provide the estimate of average recovery per share required under the PSLRA.[15] I employed a trading model with multiple trading groups[16] and, although there can be disagreements on the underlying assumptions of trading models, trading models are frequently employed and discussed in practitioner literature.[17]

---

[15] 15 U.S.C. § 78u-4(a)(7).

[16] A similar model was employed in this matter when Forensic Economics previously estimated aggregate damages under different assumptions prior to the settlement.

[17] *See*, *e.g.*, Ioannis Gkatzimas, Yingzhen Li, and Torben Voetmann, "Securities Class Actions: Trading Models to Estimate Individual Investor Trading Activity and Aggregate Damages," The Brattle Group white paper, May 1, 2017, p. 1 (footnote omitted) ("As the overwhelming majority of securities class action cases lack access to individual investor trading data, parties must estimate aggregate damages. Litigants have been using trading models to estimate damages in securities litigation for more than two decades."); *id.* at p. 7 ("Trading models are an integral part of estimating aggregate damages in securities class actions, providing a basis for the litigants to discuss settlement and an estimate that the Court can use to determine whether a settlement proposal is reasonable. Therefore, trading models, when applied appropriately, can oftentimes drive the course of the litigation."); Kevin L. Gold, Eric Korman, and Ahmer Nabi, "Federal Securities Acts and Areas of Expert Analysis," chapter 27 in Litigation Services Handbook, The Role of the Financial Expert, Sixth Edition, Wiley, 2017 at 27.15-17 and 22-24; John Finnerty and George Pushner, "An Improved Two-Trader Model for Measuring Damages in Securities Fraud Class Actions," *Stanford Journal of Law, Business & Finance* 8, 2002-2003, 213-264; Michael Barclay and Frank C. Torchio, "A Comparison of Trading Models Used for Calculating Aggregate Damages in Securities Litigation," *Law & Contemporary Problems* 64(2-3), Spring-Summer 2001, 105-136; and William H. Beaver and James K. Malernee, "Estimating Damages in Securities Fraud Cases," Cornerstone Research, 1990.

The aggregate damages calculated using the multi-trader trading model employed also comported with an analysis of aggregate damages based on changes in quarterly institutional holdings (based on publicly available filing data), another widely-used form of estimating aggregate damages.[18]

18.     Applying the methodology and formulas for calculating Authorized Claimants' Recognized Losses in the Proposed Plan of Allocation to the multi-trader model yields an estimate of aggregate damages of approximately $141.2 million for 40.2 million damaged shares.[19]  The estimated average recovery is thus $0.57 per share ($23 million settlement divided by 40.2 million damaged shares).[20]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of April 2025

Kenneth N. Kotz

---

[18] *See*, *e.g.*, Marcia Kramer Mayer, "Best-Fit Estimation of Damaged Volume in Shareholder Class Actions: The Multi-Sector, Multi-Trader Model of Investor Behavior," NERA Economic Consulting white paper, October 2000.

[19] Data for the trading model obtained from: Bloomberg; LSEG Data Analytics; S&P Capital IQ; Azure SEC filings.

[20] I note that the estimate of aggregate damages does not include damages for Caisse de Depot et Placement du Quebec ("CDPQ") or Ontario Municipal Employees Retirement System ("OMERS"), who are excluded from the Settlement Class.  Long Form Notice, p. 8.  Based on holdings and insider data obtained from LSEG Data Analytics (formerly Refinitiv) and S&P Capital IQ, CDPQ's only purchases during the Class Period were assumed to be via the January 2022 rights offering  and OMERS purchases were assumed to be from its purchase of shares from IFC GIF Investment Company I and International Finance Corporation and the rights offering (additional sources: Azure SEC filings).

**Exhibit 1**                                                                                                      **April 2025**

## KENNETH N. KOTZ, CFA

| Business Address: | Home Address: |
|---|---|
| Forensic Economics, Inc. | 85 Coral Way |
| 95 Allens Creek Road | Rochester, New York 14618 |
| Suite 2303 | (585) 241-3230 |
| Rochester, New York 14618 | |
| (585) 385-7440 | |
| (585) 385-7441 FAX | |
| ken@forensiceconomics.com | |

### Employment and Education

8/99-present    **Forensic Economics, Inc.**, Rochester, NY.
Chief Operating Officer (9/2023-present); Vice President (3/2005-present); Senior Economist (5/2000-3/2005); Consultant (8/1999-4/2000). Consulting in financial-economic analysis in securities litigation and business disputes.

6/96-12/99    **M.S. in Applied Economics, Finance and Accounting**, William E. Simon Graduate School of Business Administration, University of Rochester, Rochester, NY.

9/97-12/99    **William E. Simon Graduate School of Business Administration, University of Rochester**, Rochester, NY.
Instructor and Teaching Assistant.

1994-1996    **M.B.A., Finance**, Loyola University Chicago, Chicago, IL.

1994-1996    **Loyola University Chicago**, Chicago, IL.
Research Assistant, Finance Department.

1995-1996    **Financial and Economics Strategies Corporation**, Chicago IL.
Research Assistant.

1991-1994    **Midwest European Publications, Inc.**, Evanston, IL.
Assistant Manager.

1986-1989    **B.A., History**, University of Pennsylvania, Philadelphia, PA.

**Exhibit 1**                                                                                                          **April 2025**

## Publications

Automation versus intermediation: Evidence from treasuries going off the run (with M. Barclay and T. Hendershott), *The Journal of Finance*, vol. 61 no. 5, October 2006, 2395-2414.

## Working Papers

Stock price effects of changes in the accounting procedure set, October 1999.

IPO underpricing, information asymmetry, and dividend policy, June 1999.

Determinants of payout policy choice: Stock repurchases versus dividend initiations, October 1998.

The stock price reaction to shareholder proposals, June 1998.

The investment opportunity set and the stock price reaction to dividend changes, January 1998.

## Awards

CFA® charterholder, CFA Institute (2006).

Fellowship, William E. Simon Graduate School of Business Administration, University of Rochester (1996-1999).

Outstanding Student Award, Loyola University Chicago (1996).

Phi Beta Kappa, Loyola University Chicago (1996).

Graduate Scholarship, Loyola University Chicago (1994-1996).

**Exhibit 1**                                                                                           **April 2025**

**Testimonial and Expert Report Experience**

Cobalt International Energy, Inc., et al. v. Illinois National Insurance Company, et al. in the
District Court of Harris County, Texas, 125th Judicial District, Cause No. 2016-31648
(Report, December 10, 2021; Deposition May 5, 2022; Supplemental Report, September
27, 2024; Reply Report, January 24, 2025; Second Supplemental Report, March 24,
2025; Deposition, March 27, 2025).

Ferraro Family Foundation, Inc. et al. v. Corcept Therapeutics Inc. et al. in the United States
District Court Northern District of California, Case No. 3:19-cv-01372-JD (Declaration,
March 11, 2024).

Lisa Wiley et al. v. Paysafe Limited et al. and John Paul O' Brien et al. v. Paysafe Limited et al.
in the United States District Court Southern District of New York, Case Nos. 1:21-cv-
10611-AJN-KHP and 1:22-cv-00567-AJN-KHP (Declaration, March 1, 2022).

Angela Lewis et al. v. CytoDyn, Inc. et al. in the United States District Court Western District of
Washington at Tacoma, Case No. 3-21-cv-05190-BHS (Declaration, July 29, 2021;
Supplemental Declaration, September 3, 2021).

Megan Lundy et al. v. Ideanomics, Inc. et al. and Andrew Kim v. Ideanomics, Inc. et al. in the
United States District Court Southern District of New York, Case Nos. 1:20-cv-04944-
GBD-OTW and 1:20-cv-05203-GBD-OTW (Declaration, September 16, 2020).

George Hedrick Jr. et al. v. The Kraft Heinz Company et al., Iron Workers District Council
(Philadelphia and Vicinity) Retirement and Pension Plan et al. v. The Kraft Heinz
Company et al. in the United States District Court Northern District of Illinois, Case Nos.
1:19-cv-01339 and 1:19-CV-01845 (Declaration, May 15, 2019; Supplemental
Declaration, May 22, 2019; Second Supplemental Declaration, May 24, 2019).

Daniel Plaut et al. v. The Goldman Sachs Group, Inc. et al. in the United States District Court
Southern District of New York, Case No. 1:18-cv-12084-VSB (Declaration, March 4,
2019; Supplemental Declaration, March 11, 2019).

In the Matter of the Accounting by David Ott as Trustee of the Ott Living Trust Under
Instrument Dated March 4, 1997 in the State of New York, Surrogate's Court, County of
Ontario, File No. 2014-264/A (Affidavit, January 29, 2018).

Movses Marjanian et al. v. Allied Nevada Gold Corp. et al. and Janet Martinez et al. v. Allied
Nevada Gold Corp. et al. in the United States District Court District of Nevada, Case
Nos. 3:14-CV-0175-LRG-WCG and 2:14-cv-0650-JCM-VCF (Declaration, November
21, 2014).

Last Atlantis Capital LLC et al. vs AGS Specialist Partners et al. in the United States District
Court Northern District of Illinois, Case Nos. 04 C 0397, 05 C 5600, and 05 C 5671
(Expert Report, June 16, 2014; Deposition, September 5, 2014).

**Exhibit 1**                                                                      **April 2025**

George Pio et al. v. General Motors Company et al. in the United States District Court Eastern
District of Michigan, Case No. 14-cv-11191-LVP-MKM (Declaration, June 16, 2014).

Brandon Muhammad et al. v. China Sky One Medical, Inc. et al. in the United States District
Court Central District of California, Case No. 2:12-cv-02552-DMG-CW (Declaration,
May 21, 2014).

In Re Fannie Mae Securities Litigation in the United States District Court District of Columbia,
Consolidated Civil Action No. 1:04-CV-01639 (Declaration with Frank C. Torchio,
October 11, 2013).

Nancy George et al. v. China Automotive Systems, Inc. et al. in the United States District Court
Southern District of New York, Civil Action No. 11-7533 (Declaration, January 14,
2013; Deposition, February 12, 2013; Reply Declaration, April 8, 2013; Testimony at
Hearing, May 30, 2013).

Morad Godooshim et al. v. Qiao Xing Mobile Communication Company, Ltd. et al. in the United
States District Court Southern District of New York, Civil Action No.: 12 Civ. 9264
(JSR) (Declaration, May 3, 2013).

Chris Basnett et al. v. Longwei Petroleum Investment Holding Ltd. et al., Jun Ma et al. v.
Longwei Petroleum Investment Holding Ltd. et al., Charlie Muniz et al. v. Longwei
Petroleum Investment Holding Ltd. et al., and Paul Howard et al. v. Longwei Petroleum
Investment Holding Ltd. et al. in the United States District Court Southern District of
New York, Nos. 13 Civ. 00214 (HB), 13 Civ. 00229 (HB), 13 Civ. 00278 (HB), and 13
Civ. 00442 (HB) (Declaration, March 28, 2013).

Lawrence Blitz et al. v. AgFeed Industries, Inc. et al. and Joseph Felcher et al. v. AgFeed
Industries, Inc. et al. in the United States District Court Middle District of Tennessee,
Nashville Division, Nos. 3:11-cv-0992 and 3:11-cv-01184 (Declaration, January 16,
2012).

Franz Schleicher et al. vs. Gary C. Wendt et al. in the United States District Court Southern
District of Indiana, Indianapolis Division, No. 02 CV 1332 TWP-TAB (Declaration,
January 13, 2011).

City of Monroe Employees' Retirement System et al. vs. The Hartford Financial Services Group,
Inc. et al. in the United States District Court Southern District of New York, Civil Action
No. 10 cv 2835 (NRB) (Declaration, June 28, 2010).

Harry Stackhouse et al. vs. Toyota Motor Corporation et al., Tom Mustric et al. vs. Toyota Motor
Corporation et al., Kathryn A. Squires et al. vs. Toyota Motor Corporation et al., Robert
M. Moss et al. vs. Toyota Motor Corporation et al., Philip Gelenberg et al. vs. Toyota
Motor Corporation et al., and L. Patricia Sampoli et al. vs. Toyota Motor Corporation et
al. in the United States District Court Central District of California, Nos. 2:10-cv-00922-
DSF-AJW, 2:10-cv-01429-DSF-AJW, 2:10-cv-01452-DSF-AJW, 2:10-cv-01911-DSF-
AJW, 2:10-cv-02196-DSF-AJW, and 2:10-cv-02253-DSF-AJW (Declaration, April 19,
2010).

**Exhibit 1**                                                                                    **April 2025**

EBC I, Inc. f/k/a eToys, Inc., by the Post-Effective Date Committee against Goldman, Sachs & Co. in the Supreme Court of the State of New York, County of New York, Index No. 601805/02 (Expert Report, October 27, 2009; Deposition, January 7, 2010; Expert Rebuttal Report, February 8, 2010; Affidavit, April 14, 2010).

Aekta Ben Patel et al. vs. Satyam Computer Services Ltd. et al., Hossein Momenzadeh et al. vs. Satyam Computer Services Ltd. et al., Cynthia Freeman vs. Satyam Computer Services Ltd. et al., Naveen Chander Jepu vs. Satyam Computer Services Ltd. et al., Bert H. Sturgis, II et al. vs. Satyam Computer Services Ltd. et al., Larry R. Pennington et al. vs. Satyam Computer Services Ltd. et al., James Hamblin et al. vs. Satyam Computer Services Ltd. et al., Hillel Raymon et al. vs. Satyam Computer Services Ltd. et al., Brian Faber et al. vs. Satyam Computer Services Ltd. et al, Taylor Jamrok et al. vs. Satyam Computer Services Ltd. et al., William M. Hebert et al. vs. Satyam Computer Services Ltd. et al., and Ashit M. Mehta et al. vs. Satyam Computer Services Ltd. et al. in the United States District Court Southern District of New York, Civil Action Nos. 1:09-cv-00093-BSJ-DFE, 1:09-cv-00161-CM, 1:09-cv-00330-BSJ, 1:09-cv-00337-BSJ, 1:09-cv-08353-BSJ, 1:09-cv-08488-BSJ, 1:09-cv-08491-VM, 1:09-cv-00512-BSJ, 1:09-cv-00569-LTS, 1:09-cv-00655-BSJ, 1:09-cv-01124-UA, and 1:09-cv-01789-UA (Declaration, March 26, 2009).

Jacksonville Police and Fire Pension Fund et al. v. American International Group, Inc. et al., James Connolly v. American International Group, Inc. et al., Maine Public Employees Retirement System et al. v. American International Group, Inc. et al., and Ontario Teachers' Pension Plan Board et al. v. American International Group, Inc. et al. in the United States District Court Southern District of New York, Civil Action Nos. 08 Civ. 4772 (RJS), 08 Civ. 5072 (RJS), 08 Civ. 5464 (RJS), and 08 Civ. 5560 (RJS) (Declaration, August 18, 2008).

Plumbers and Pipefitters Local 51 Pension Fund et al. vs. Darden Restaurants, Inc. et al. and Robert Kalkstein et al. vs. Darden Restaurants, Inc. et al. in the United States District Court Middle District of Florida, Orlando Division, Case Nos. 6:08-CV-00388-PCF-DAB and 6:08-CV-00507-GAP-DAB (Declaration, June 19, 2008; Supplemental Declaration, June 27, 2008).

Life Enrichment Foundation et al. against Merrill Lynch & Co., Inc. et al., Michael J. Savena et al. against Merrill Lynch & Co., Inc. et al., Gary Kosseff et al. against Merrill Lynch & Co., Inc. et al., Robert R. Garber et al. against Merrill Lynch & Co., Inc. et al., and James Conn et al. against Merrill Lynch & Co., Inc. et al. in the United States District Court Southern District of New York, Civil Action Nos. 07 Civ. 09633 (LBS), 07 Civ. 09837 (LBS), 07 Civ. 10984 (LBS), 07 Civ. 11080 (LBS), and 07 Civ. 11626 (LBS) (Declaration, January 17, 2008).

Eugene Kratz vs. Beazer Homes USA, Inc. et al., New Jersey Building Laborers Pension Fund vs. Beazer Homes USA, Inc. et al., and IBEW Local 1579 Pension Plan vs. Beazer Homes USA, Inc. et al. in the United States District Court Southern District of Georgia, Civil Action Nos. 1:07-CV-00725, 1:07-CV-1139, and 1:07-CV-1151 (Declaration, June 15, 2007; Supplemental Declaration, July 2, 2007).

**Exhibit 1**                                                                        **April 2025**

<u>Tully Nadel et al. against Comverse Technology Inc. et al., David Thomas et al. against
Comverse Technology, Inc. et al., and Lance Moore et al. against Comverse Technology,
Inc. et al.</u> in the United States District Court Southern District of New York, Civil Action
Nos. 06 Civ. 3190 (LAK), 06 Civ. 3445 (LAK), and 06 Civ. 4418 (LAK) (Declaration,
July 6, 2006).

<u>Anthony Caiafa et al. against Comverse Technology Inc. et al. and James M. Gorman et al.
against Comverse Technology, Inc. et al.</u> in the United States District Court Eastern
District of New York, Civil Action Nos. 06 CV 1825 (NGG) and 06 CV2738 (NGG)
(Declaration, July 6, 2006).