**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERAP LOKMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AZURE POWER GLOBAL LIMITED, RANJIT GUPTA, MURALI SUBRAMANIAN, and PAWAN KUMAR AGRAWAL, <br><br><br> Defendants. | Case No. 1:22-cv-7432 <br><br> Hon. Gregory H. Woods |

**REPLY MEMORANDUM IN SUPPORT OF (I) LEAD PLAINTIFF'S
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR
AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT
OF LITIGATION EXPENSES, AND AWARD TO LEAD PLAINTIFF**

Lead Plaintiff Serap Lokman ("Lead Plaintiff" or "Plaintiff") and Lead Counsel Levi & Korsinsky, LLP ("Levi & Korsinsky") respectfully submit this memorandum in further support of Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 125-126, the "Motion"); and Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (ECF Nos. 127-128, "Fee and Expense Application"). This reply is supported by the Supplemental Declaration of Dawn M. Cody Regarding: (A) Mailing and Emailing of Notice; (B) Report on Requests For Exclusion And Objections; and (C) Claims Received To Date ("Angeion Supp. Decl."), dated August 28, 2025, and attached as Exhibit 1.[1]

In connection with the Motion and the Fee and Expense Application filed on August 1, 2025, Lead Plaintiff filed the Declaration of Dawn M. Cody Regarding: (A) Mailing and Emailing of Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date. (ECF No. 129-1, "Initial Mailing Declaration"). Ms. Cody, on behalf of the Claims Administrator, Angeion Group ("Angeion"), attested to the fact that notice had been provided to the Settlement Class in the method and in compliance with the deadlines set forth in the Preliminary Approval Order (ECF No. 123). As of August 28, 2025, Angeion now reports that it has mailed or emailed a total of 23,234 notice packets to potential Settlement Class Members or their nominees. *See* Angeion Supp. Decl. ¶5. As of August 28, 2025, Angeion reports that it has received 1,144 claims from potential Settlement Class Members. Angeion Supp. Decl. ¶11. The deadline for potential Settlement Class Members to submit a claim (postmarked for U.S. mail, or submitted online, or received by private carriers such as FedEx, UPS) is August 29, 2025. Accordingly, given the typical pattern of claims administration in similar cases, it is likely that a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation"), dated April 11, 2025 (ECF No. 119-1).

significant number of additional claims will be received by Angeion in the coming days. Angeion is currently conducting quality assurance reviews of the submitted claims, such as verifying that the claim includes the supporting documentation and detecting any duplicative claims. *Id*. at 12.

As of the date of the Angeion Supp. Decl., 43 mailings were redelivered to persons whose original mailing was returned by the U.S Postal Service and for whom updated addresses were obtained through the Postal Service or address research conducted through address verification searches. Angeion Supp. Decl. ¶5.

The Court-ordered deadline for Class Members both: (1) to object to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or to the Fee and Expense Application; or (2) to submit a Request for Exclusion from the Class, was August 15, 2025. *See* Preliminary Approval Order ¶¶13, 15.

As explained below, there have been no objections and no requests for exclusion received, an outcome that clearly favors granting final approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application.

## I.    __The Absence of Any Objections Strongly Supports Granting Approval__

It is "'well-settled' that the reaction of the class to a settlement is considered perhaps 'the most significant factor to be weighed in considering its adequacy.'" *In re Veeco Instruments Inc*. Sec. Litig., 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) (quoting *Maley v. Del Glob. Techs. Corp*., 186 F. Supp. 2d 358, 362-63 (S.D.N.Y. 2002)); *see also Jander v. Retirement Plans Comm. of IBM*, 2021 WL 3115709, at *3 (S.D.N.Y. July 22, 2021) (same).

Here, a robust notice program was implemented that included mailing 23,234 Postcard Notices to identifiable Settlement Class Members or their nominees, publishing summary notice over *PR Newswire* and *Business Wire*, and publishing all documents relevant to the Settlement on the Claims Administrator's website to reach as many Settlement Class Members as practicable.

*See* Initial Mailing Decl. ¶11-12; Angeion Supp. Decl. ¶¶5, 7.  The Notice provided identified, among other things, a description of the terms of, and reasons for, the Settlement, the maximum amount that would be sought for Attorneys' Fees and Litigation Expenses, and award to Lead Plaintiff, affording Settlement Class Members the opportunity to object if they considered any portion unreasonable.  *See* ECF No. 129-1 at pp. 12-26 of 44.

No objections to any aspect of the Settlement, Plan of Allocation, requested Attorneys' Fees and Litigation Expenses, or Lead Plaintiff's requested award have been received by Lead Counsel or the Claims Administrator or filed with the Court.  Courts in this Circuit have consistently recognized that a lack of objections supports final approval.  *See, e.g., In re Virtus Inv. Partners, Inc. Sec. Litig*., 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018) ("Here, no class members objected, which strongly favors approval.").

The absence of objections likewise supports the request for Attorneys' Fees, Litigation Expenses, and award to Lead Plaintiff.  *See, e.g*., *Vaccaro v. New Source Energy Partners L.P*., 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *In re Signet Jewelers Ltd. Sec. Litig*., 2020 WL 4196468, at *21 (S.D.N.Y. July 21, 2020) ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable.")

## II.    The Total Absence of Exclusions Supports Final Approval

To date, not one request to be excluded from the Settlement has been received.  *See* Angeion Supp. Mailing Decl. ¶9.  That all eligible investors opted to remain in the Settlement Class strongly supports final approval.  *See, e.g., In re Veeco,* 2007 WL 4115809, at *7 (holding "those affected by the Settlement [] overwhelmingly endorsed it" where there was only one class member exclusion); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *7 (S.D.N.Y. Dec.

3

18, 2019) ("The absence of negative feedback from Class Members evidences an overall favorable response of the Class Members to the Settlement."). The "[f]avorable reaction of a class of sophisticated investors evidences fairness, reasonableness, and adequacy" of the Settlement, as well as the requested Attorneys' Fees and Litigation Expenses. *See In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311-12 (E.D.N.Y. 2006). The overwhelmingly positive response of the Settlement Class confirms that the Settlement should be approved.[2]

### III.    Conclusion

For all the reasons stated herein, and in the memoranda of law in support of Lead Plaintiff's Motion and Lead Counsel's Fee and Expense Application, and Declaration of Shannon L. Hopkins in support thereof (ECF Nos. 126, 128-29), Lead Plaintiff respectfully requests that the Court enter the Proposed Final Order and Judgment, attached hereto as Exhibit 2.[3]

---

[2] Additionally, as set forth in the Declaration of Shannon L. Hopkins in Support of (I) Lead Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Lead Plaintiff (ECF No. 129), Lead Plaintiff and Lead Counsel have complied with Fed. R. Civ. P. 11 with respect to all complaints, responsive pleadings or dispositive motions, and all claims, factual and legal contentions therein, filed by them or on their behalf in this action, as well as during the conduct of this litigation, including all matters related to the settlement. *See, e.g., id.* at ¶¶8-9, 15-33, 37-38, 53-54, 80, 89, 91, 97-99 (describing, *inter alia*, Lead Counsel's extensive investigation of law and facts, including use of experts). *See* 15 U.S.C. §78u-4(c)(1).

[3] The Proposed Final Order and Judgment submitted as Exhibit 2 hereto is identical in all respects to that previously submitted as Exhibit B to Lead Plaintiff's Notice of Unopposed Motion for Preliminary Approval of Class Action Settlement, ECF No. 119-7, except that it has been updated to reflect the date of the issuance of the Preliminary Approval Order, relevant docket numbers, the fact that no objections or requests for exclusion have been received, and to remove the "Exhibit B" legend on the first page of the document.

DATED: August 28, 2025

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Shannon L. Hopkins*
Shannon L. Hopkins (SH-1887)
Gregory M. Potrepka (GP-1275)
Andrew E. Lencyk (AL-4329)
David C. Jaynes (admitted *pro hac vice*)
Morgan M. Embleton (admitted *pro hac vice*)
Amanda D. Foley (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com
alencyk@zlk.com
djaynes@zlk.com
membleton@zlk.com
afoley@zlk.com

*Lead Counsel for Lead Plaintiff and the Settlement Class*

5

## COMPLIANCE WITH CIVIL LOCAL RULE 7.1(c) AND INDIVIDUAL RULE 3.A.

The undersigned, counsel of record for Lead Plaintiff Serap Lokman, certifies that this brief contains 1,345 words, which complies with the word limit of L.R. 7.1(c) regarding Length of Memoranda of Law, effective January 2, 2025, and this Court's Individual Rule 3.A. Executed on this 28th day of August, 2025.

/s/ Shannon L. Hopkins
Shannon L. Hopkins

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court via the CM/ECF system, which will send Notice of such filing to all counsel of record.

Dated: August 28, 2025

/s/ Shannon L. Hopkins
Shannon L. Hopkins