USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SERAP LOKMAN, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AZURE POWER GLOBAL LIMITED,
RANJIT GUPTA, MURALI SUBRAMANIAN,
and PAWAN KUMAR AGRAWAL,

    Defendants.

Case No. 1:22-cv-7432-GHW

Hon. Gregory H. Woods

**CLASS DISTRIBUTION ORDER**

Having considered all materials and arguments submitted in support of Plaintiff's Unopposed Motion for Distribution of Class Action Settlement Funds (the "Motion"), including the Memorandum of Law in Support of Plaintiff's Unopposed Motion for Distribution of Class Action Settlement Funds and the Declaration of Dawn M. Cody in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund ("Cody Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 11, 2025 ("Stipulation"; ECF No. 119-1). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or in the Cody Declaration.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

1

3.      As set forth in the Cody Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claim Forms set forth in Exhibit C, Parts One and Two, to the Cody Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claim Forms set forth in Exhibit C, Part Three, to the Cody Declaration are approved.

4.      As set forth in the Cody Declaration, no new Claim Forms or responses to deficiency and/or rejection letters received after February 18, 2026 may be included in the distribution.

5.      The Court authorizes payment of $46,582.60 from the Settlement Fund to the Claims Administrator for the balance of the fees and expenses to be incurred in connection with the Initial Distribution process, as described in the Cody Declaration. If such estimated fees and expenses to conduct the Initial Distribution are greater than the actual cost, the excess shall be returned to the Net Settlement Fund and will be available for subsequent distribution to Authorized Claimants.

6.      The Distribution Plan for the Net Settlement Fund as set forth in the Cody Declaration and accompanying exhibits is approved. Cody Declaration ¶¶ 30–38. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN [120] DAYS OF ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Cody Declaration will irrevocably forfeit all recovery from the Settlement.

7.    After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. After consulting with the Claims Administrator, Lead Counsel may approve further distributions, provided each Authorized Claimant to receive an additional distribution has cashed their earlier checks and would receive at least $10.00, if, after subtracting any extra settlement-administration costs, another round of payments remains cost-effective.

8.    Pursuant to Paragraph 7.5 of the Stipulation, if any funds remain thereafter in the Net Settlement Fund that cannot be feasibly redistributed, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses and other awards approved by the Court, such funds shall be donated to the City Bar Fund, a 501(c)(3) non-profit charitable corporation benefiting the New York City Bar Justice Center, or another 501(c)(3) organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Lead Counsel, Lead Plaintiff, Defendants, their affiliates, or Defendants' Counsel, and is approved by the Court.

9.    All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are

released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement (including but not limited to the Defendants) beyond the amounts allocated to them pursuant to the terms of this Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order. *See Stein v. Eagle Bancorp, Inc*., 2022 WL 4245185, at *2 (S.D.N.Y. Sept. 15, 2022) (providing similar releases); *In re Qudian Inc. Sec. Litig.*, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022) (same); *Wilson v. LSB Indus., Inc.*, 2020 WL 5628039, at *2 (S.D.N.Y. Sept. 21, 2020) (same).

10.     The Claims Administrator is authorized to destroy: (i) paper or hard copies of the Claim Forms and all supporting documentation one year after the final distribution of the Net Settlement Fund; and (ii) electronic copies of the Claim Forms and all supporting documentation two years after the final distribution of the Net Settlement Fund.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 136.

**SO ORDERED** this ___10th___ day of _____April_____, 2026.

New York, New York

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE